WHYTE, P. J.
The most recent appellate cases involving pornography establish certain rules which govern our decision in this case. To constitute obscenity under the rules established by the United States Supreme Court and the even more stringent requirements of our State Supreme Court[1] the material must contain a graphic description of sexual activity. (In re Panchot (1968) 70 Cal.2d 105 [73 Cal.Rptr 689, 448 P.2d 385].) Where such depiction occurs, it is not constitutionally protected merely because it takes place in a theatrical performance or motion picture. (Dixon v. Municipal Court (1968) 267 Cal.App.2d 789 [73 Cal. Rptr. 587].) Such acts may be obscene although they are simulated rather than real. (Dixon v. Municipal Court, supra.) Upon trial expert testimony must be introduced to establish that the material is patently offensive because it affronts contemporary community standards relating to the description or representation of sexual matters. (In re Giannini (1968) 69 Cal.2d 563 [72 Cal.Rptr. 655, 446 P.2d 535].) The community whose standards must be affronted consists of the entire state. (In re Giannini, supra.)
Applying these rules to the case at bench, the trial court’s decision dismissing the action was erroneous and must be reversed with instructions to receive expert testimony on the proper community standard, to-wit, that of a statewide community.
We do not follow the appellant’s suggestion that we now view the films and make our own determination as to their obscenity. While an appellate court must reach an independent decision as to the obscenity of the material, “Since *870 an appellate court certainly does not in any sense compose a cross-section of the community, it cannot effectively carry out this function in the absence of evidence in the record directed toward proof of the community standard.” ( In re Giannini, supra, at p. 576.)
The trial court properly received expert testimony. Unfortunately, this case having been heard before Giannini was decided, both counsel and the court mistook the proper standard to be applied. Defendants, and apparently the court, felt that the community involved was the Strip area and Santa Monica Boulevard while the People argued it should be the county as a whole. The Supreme Court has now told us the proper area is the entire state. The People, as well as a defendant, are entitled to require the use of this standard. Otherwise the state standard is quickly reduced to that of the most libertine neighborhood.
Although defendants’ cross-appeal was not aggressively argued, either orally or in the briefs, two matters should be noted in connection with said cross-appeal which is from the trial court’s order “denying the defendants’ motions to quash the arrest and search warrants made pursuant to § 1538.5 of the California Penal Code.” First, in such a motion, the trial and appellate courts are concerned only with probable cause, not with the final determination as to the character of the material. Second, if the affidavits reveal probable cause to believe the material to be obscene, the issuing judge does not have to personally view the entire material nor take evidence as to contemporary community standards before issuing the warrant. (Aday v. Superior Court (1961) 55 Cal.2d 789, 798 [13 Cal.Rptr. 415, 362 P.2d 47]; People v. Hill* (1968) CR. A. 8129.) Here the affidavit of Sergeant Greenlees shows reasonable cause to believe the pictures contained depictions of masochism, masturbation and simulated sexual intercourse. As these are fields which may fall under the highest courts’ definition of hard core pornography, the allegations justify the issuance of the warrant. Whether, after a hearing under Penal Code sections 1539 and 1540 in which appropriate expert testimony is presented, an examination of the pictures in the light of said testimony will support the warrant is not now properly before us. Cross-appellant makes much of the fact that the activities of only a single person are depicted. Whether a simulation of sexual intercourse where the presence of the *871 second party must be supplied by the viewers’ imagination falls without the bounds of contemporary community standards is one of the matters upon which expert testimony must be produced. We are not yet ready to say that in all cases as a matter of law such depiction is constitutionally protected. Judgment of dismissal reversed; cross-appeal denied.
Vasey, J., and Wong, J., concurred.

 Zeitlin v. Arnebergh (1963) 59 Cal.2d 901 [31 Cal.Rptr. 800, 383 P.2d 152, 10 A.L.R.3d 707]; People v. Noroff (1967) 67 Cal.2d 791 [63 Cal. Rptr. 575, 433 P.2d 479]; and see People v. Rosakos (1968) 268 Cal.App.2d 497 [74 Cal.Rptr. 34].

 This case was not certified for publication.