[Civ. No. 38929. Second Dist., Div. Four. Oct. 3, 1972.]

RICHARD ANTHONY SANITA, Plaintiff and Appellant, v.
BOARD OF POLICE COMMISSIONERS OF THE CITY OF
LOS ANGELES, Defendant and Respondent;
THE PEOPLE, Real Party in Interest and Respondent.

## COUNSEL

Jay J. Plotkin, Beauford H. Phelps and Fred De Luca, Jr., for Plaintiff and Appellant.

Roger Arnebergh, City Attorney, George J. Franscell, Assistant City Attorney, and Thomas J. Feeley, Deputy City Attorney, for Defendant and Respondent.

No appearance for Real Party in Interest and Respondent.

## OPINION

JEFFERSON, J.—Petitioner Richard Anthony Sanita sought a writ of mandamus in the trial court, to prevent the City of Los Angeles Board of Police Commissioners from revoking his permits for cafe entertainment and a poolroom at his nightclub, the "Classic Cat." The writ was denied, and he appeals.

Accusations had been filed against the petitioner charging him with violation of certain subsections of Los Angeles Municipal Code section 103.102, which regulates cafe entertainment and poolrooms in the City of Los Angeles. Pursuant to that section, an administrative hearing was held on January 26, 1971, before a hearing examiner for the respondent board, and the following facts were developed: On August 15, 1970, two police officers visited the "Classic Cat" and observed a nightclub performance entitled "the dance of love," which consisted of two nude entertainers, a male and a female, simulating acts of sexual intercourse; on one occasion the male entertainer brought his mouth in contact with the vagina of the female entertainer. After the performance the performers were arrested and charged with violation of Penal Code section 288a.[1]

A second violation charged against the petitioner occurred on September 2, 1970, when police officers observed four employees of the petitioner inside his licensed premises after hours, consuming an alcoholic beverage in violation of Business and Professions Code sections 25631 and 25632.[2] As a result of this violation, the board acted pursuant to Los Angeles Municipal Code section 103.35(f) in taking disciplinary action against the petitioner.[3]

Petitioner appeared with counsel at the administrative hearing. He testified that he had not been present at his club on either of the occasions set forth in the accusations, and that he had fired the persons employed by him as managers at the times involved. The hearing examiner found the

---

[1] They were found not guilty after a court trial in the Los Angeles County Superior Court, NWD A 114194, on April 13, 1971.

[2] Business and Professions Code section 25631 prohibits the sale, gift or delivery of alcoholic beverages to anyone between the hours of 2 a.m. and 6 a.m.

Section 25632 provides that: "Any retail licensee, or agent or employee of such licensee, who permits any alcoholic beverage to be consumed by any person on the licensee's licensed premises during any hours in which it is unlawful to sell, give, or deliver any alcoholic beverage for consumption on the premises is guilty of a misdemeanor."

[3] Section 103.35: "It shall be a ground for disciplinary action if any permittee . . . has: (f) Committed any unlawful, false, fraudulent. deception or dangerous act while conducting a permitted business; . . . ."

accusations true; made findings of fact; and recommended to the respond-
ent board that petitioner's permits not be revoked but be suspended for a
maximum of 15 days. The respondent board adopted the examiner's find-
ings of fact, but rejected the penalty recommendation, and revoked the
petitioner's permits.

The trial court, refusing to grant the writ of mandamus, made certain
findings, including that "lewd" acts had been committed by the performers
at the "Classic Cat."

█ Petitioner claims that the nude dancing which took place at his
nightclub had, prima facie, the protection of the First and Fourteenth
Amendments to the United States Constitution. We agree. (*In re Giannini,*
69 Cal.2d 563 [72 Cal.Rptr. 655, 446 P.2d 535]; *Barrows* v. *Municipal
Court,* 1 Cal.3d 821 [83 Cal.Rptr. 819, 464 P.2d 483].) █ He con-
tends that the trial court erred in refusing to order mandamus, because the
pertinent sections of the Los Angeles Muncipal Code and the board regu-
lation under which his permits were revoked by the respondent board are
unconstitutional, in that they are vague and overly broad when applied to
an activity which has constitutional protection.[4]

The pertinent provisions of the Los Angeles Municipal Code section
103.102, under which the respondent board acted are:

"Sec. 103.102 . . .

(d) *Suspension or Revocation of Permit.* After an investigation, the
Board may suspend or revoke an existing permit whenever one or more of
the following conditions are found to exist: . . . (2) The permittee, his
employee, [or other agent] . . . (b) Has allowed or permited acts of
*sexual misconduct* to be committed within the business operation. (Italics
added.) . . . (4) Has violated any rule or regulation adopted by the
Board relating to the permittee's business." In addition, the Board of Police
Commissioners has adopted approximately 18 rules which specify what is
and what is not allowed on nightclub premises. The rules cover the conduct
of performers, employees and patrons. Board Rule No. 7, upon which the
board relied in revoking petitioner's license, states that "No person or guest

---

[4]It should be noted that a particular conduct or activity may lose the initial pro-
tection it enjoys under the First Amendment if it is found obscene by a constitu-
tionally approved method. Neither nudity nor the depiction of sexual activity, how-
ever, are obscene as a matter of law. (*Roth* v. *United States,* 354 U.S. 476 [1 L.Ed.2d
1498, 77 S.Ct. 1304]; *Barrows* v. *Municipal Court,* 1 Cal.3d 821 [83 Cal.Rptr. 819,
464 P.2d 483]; cf. *Dixon* v. *Municipal Court,* 267 Cal.App.2d 789 [73 Cal.Rptr.
587], for a general treatment of the problem of determining obscenity, see 5 A.L.R.3d
1158, and cases cited.)

shall be permitted to touch the person or personage of any striptease, top-less, bottomless, or nude performer."[5]

Petitioner argues that the term "sexual misconduct" as set forth in section 103.102(d) (2) (b) is so vague, overly broad and open to subjective interpretation as to render that portion of the section unconstitutional on its face. Respondent board urges that "sexual misconduct" must be taken in context with Board Rule No. 7, which prohibits the touching of nude performers. If this is done, they contend, the term "sexual misconduct" becomes clear; it means unpermitted touching of a nude, in this instance. Presumably, the unpermitted touching of a nude must be accompanied by sexual motivation to qualify as "sexual misconduct"; Board Rule No. 7 is not clear on this point.

The problem with the interpretation method suggested by the respondent is that it enlarges the scope of board discretion in the field of First Amendment activities beyond what is constitutionally allowable. Board regulations, which are subject to redefinition according to the currently held subjective views of members of the board, cannot be employed to clarify the meaning of the general ordinance.

While section 103.102 was found constitutional in *Daniel* v. *Board of Police Commissioners,* 190 Cal.App.2d 566 [12 Cal.Rptr. 226], the decision upheld the validity of the general regulation by ordinance of cafe entertainment and poolrooms; it was regarded as a valid exercise of the police power, in terms of protecting the public interest. *Daniel* was overruled, however, in *Burton* v. *Municipal Court,* 68 Cal.2d 684, 693 [68 Cal.Rptr. 721, 441 P.2d 281], to the extent that it purported to hold constitutional "the question of licensing activities within the . . . First Amendment, . . ."[6]

If the board cannot constitutionally be empowered to define or redefine from time to time what is intended by "acts of sexual misconduct" with respect to nightclub entertainment, the question remains as to whether a reasonable interpretation of that phrase can be made and constitutionally applied to the petitioner's situation. The California Supreme Court has held the phrase to be unconstitutionally vague in *Perrine* v. *Municipal*

---

[5]Board Rule No. 6 prohibits any striptease, topless, bottomless or nude performer from permitting a *patron* or *guest* to touch their person or personage. Apparently Board Rule No. 7 is intended to have an expanded meaning, including other performers among those persons forbidden to touch performers.

[6]*Burton* specifically held unconstitutional Los Angeles Municipal Code sections 103.29(b) and 103.31(a) and (b) as applied to the petitioners therein, who were motion picture exhibitors, because the sections attempted to vest city officials with "virtually unlimited discretionary power to grant or refuse permits" in connection with exhibiting motion pictures.

*Court,* 5 Cal.3d 656, 663 [97 Cal.Rptr. 320, 488 P.2d 648]. That case involved the denial of an application for a license to operate a bookstore, but the determination of vagueness would seem equally applicable to a revocation proceeding such as the one before us.

The board rule which prohibits one performer from touching another is an arbitrary and overbroad regulation, which cannot be constitutionally enforced upon persons engaged in the exercise of First Amendment rights. Thus, the conduct of the performers in petitioner's nightclub cannot be made the basis for license revocation or suspension under the sections of the ordinance or the regulation relied upon by the board.

We cannot know whether the board would have taken the extreme action that it did (contrary to the recommendation of the hearing examiner) had it not relied upon the performance on August 15, 1970.

The judgment is reversed. The superior court is directed to issue a writ of mandamus commanding the respondent board to set aside its order, and to make a new order imposing an appropriate penalty for the unlawful consumption of alcoholic beverages on the premises.

Files, P. J., and Kingsley, J., concurred.