BISHOP, P. J.
 

 The testimony of the police officer, as to the approach and conduct of the defendant upon the one occasion when the two met, was sufficient to support the jury’s verdict finding him (the. defendant) guilty on -the charge of being a “vag-lewd,” for the approach and subsequent conduct was that of a homosexual. While admitting the. meeting with the police officer, the defendant, as a witness, denied the acts and conversation which the officer had related and upon which depended all proof of his character as a lewd person. Except for the character witnesses—among whom appeared the elementary administrator of the school where
 
 *Supp. 832
 
 the defendant was a teacher, and a man who had served with him in the Navy (in whose reserved service the defendant is a Lieutenant-Commander)—there was no other witness called, not even the partner of the police officer, who was in attendance at the trial. Every circumstance held in
 
 People
 
 v.
 
 McGhee
 
 (1954), 123 Cal.App.2d 542, 544 [266 P.2d 874, 876], to require the giving of a cautionary instruction, was present. The cautionary instruction was among those written in a series of “mandatory instructions” that were before the trial court. It was stricken. In this evenly balanced case, the error in not giving it was prejudicial.
 

 The rule requiring that the cautionary instruction be given arose in rape cases, but it is by no means confined to them. The McGhee case,
 
 supra,
 
 was one where the charge was pimping. In it a review is made of a number of cases, including several not involving rape, where it had been held that the cautionary instruction should be given. Nor as the respondent contends, is the rule limited to cases where the prosecuting witnesses are minors. In
 
 People
 
 v.
 
 Willis
 
 (1954), 129 Cal.App.2d 330 [276 P.2d 853], the prosecuting witnesses were two sailors, whose age evidently was considered of no importance in applying the principle of interest to us, for it was not mentioned. Under the facts of that ease the conclusion was reached that the error that had been committed, in failing to give the cautionary instruction, was without prejudice, but the parenthetical comment of the court is, nevertheless, worth repeating: (129 Cal.App.2d 337 [276 P.2d 857]): “(The instruction ought, however, to be given in cases of this kind instead of taking the chance that its omission might be prejudicial. The work of reviewing courts would be considerably lessened if trial courts would perform their duty in this respect.) ”
 

 It is also argued that this is not a sex case, within the meaning of the rule, because the question to be answered is not, was the defendant guilty of some act involving sex? but, was he possessed of a lewd character? The weakness of this argument is that it overlooks the fact that the answer to the question as to the defendant’s character is almost entirely dependent in such a case as this upon the answer to be given as to the acts by which that character is revealed. Those acts were sex acts, and this is essentially a sex ease, in which a cautionary instruction should have been, but was not, given.
 

 The judgment and order denying a new trial are reversed.
 

 Patrosso, J., and Swain, J., concurred.