WHYTE, J.
We are called upon in this ease to determine whether to follow our own decision without opinion in People v. Oliver (1963) CR A 5206 or an unpublished opinion of the Appellate Department of Orange County in People v. Hine (1966) AP-423. Were the Sine ease the only expression on the subject we would not be bound thereby (People v. Cowles (1956) 142 Cal.App.2d Supp. 865 [298 P.2d 732]). For reasons hereinafter stated we elect to follow our own prior decision.
Penal Code section 647 reads in part as follows: “Every person who commits any of the following acts shall be guilty of disorderly conduct, a misdemeanor: (a) Who solicits anyone to engage in or who engages in lewd or dissolute- conduct in any public place or in any place open to the public or exposed to public view. ”
The evidence shows that the defendant approached an undercover vice officer who was standing on a public sidewalk and invited the officer to go home with him for the purpose of engaging in oral copulation and sodomy.
No question is raised concerning the sufficiency of the evidence. Other than the question of speedy trial, hereinafter discussed, the sole issue is whether a public solicitation of a lewd act which is to take place in private comes within the prohibition of section 647, subdivision (a). .
There are two possible and we believe grammatical constructions of section 647, subdivision (a).[1] One of these, urged by the appellant, is that the phrase “in any public place” modifies the noun “conduct.” The other, and the one we believe was intended by the Legislature, is that the- phrase *Supp. 958 modifies the active verbs “solicits” and “engages.” The presence between these two active verbs of the infinitive “to engage” in no way militates against this construction.
While grammar is important to proper statutory construction[2] the primary purpose of the court should be to carry out the legislative intent. (In re Haines (1925) 195 Cal. 605 [234 P. 883].) In so doing the court is not bound by the old common law rule of strict construction of a criminal statute. Bather the rule is set forth in section 4 of the Penal Code as follows: “The rule of the common law, that penal statutes are to be strictly construed, has no application to this code. All its provisions are to be construed according to the fair import of their terms, with a view to effect its objects and to promote justice.” As stated in People v. Vis (1966) 243 Cal. App.2d 549 at p. 555 [52 Cal.Rptr. 52] : “The complexities of the social problems dealt with by the Legislature require that a practical construction be given to the language employed by the draftsmen of legislation lest their purposes be too easily nullified by overrefined inquiries into the meaning of words. ‘Seasonable certainty, in view of the conditions, is all that is required, and liberal effect is always to be given to the legislative intent when possible. ’ ’ ’
When Penal Code section 647 was redrafted, following the suggestion of Professor Sherry[3] and others, to replace “status” crimes with ones “having to do with conduct,” subdivision (a) was designed to cover acts of the kind usually committed by persons falling within the old “vag-lewd” concept as theretofore set forth in 647, subdivision 5.
One of the acts which would establish the defendant to be a “vag-lewd” was the solicitation of homosexual activity. (People v. Woodworth (1956) 147 Cal.App.2d Supp. 831 [305 P.2d 721].)[4] That when redrafting the section the Legislature considered solicitation itself conduct to be forbidden is demonstrated not only by subdivision (a) but also subdivisions (b) and (d).
*Supp. 959 “Lewd-vag” conduct can also consist of engaging in physical acts. Sometimes these violations are primarily solicitation of homosexual activity by conduct rather than words. E.g. see People v. Surles (1967) CR A 7331.
Thus under subdivision (a) we have two acts which constitute disorderly conduct: one, soliciting; the other, engaging. It seems clear that the Legislature intended each to be a violation when done in a public place.
In another context where solicitation was the forbidden act the Supreme Court stated: “ [Solicitation is inimical to the public welfare and to the safety and morals of the inhabitants of this state, regardless of where the solicited acts are to be performed. . . .” (People v. Burt (1955) 45 Cal.2d 311 at p. 314 [288 P.2d 503, 51 A.L.R.2d 948].) In light of such policy it seems that a construction which would make public solicitation lawful merely because the solicited act was to be done in private could be based only upon “an overly refined inquiry into the meaning of words”[5] ignoring the legislative intent.
We cannot believe the Legislature intended to subject innocent bystanders, be they men, women or children, to the public blandishments of deviates so long as the offender was smart enough to say that the requested act was to be done in private. Nor do we feel the legislators were unaware of the open, flagrant and to decent people disgusting solicitations of sexual activity which have occurred on the public streets of some of our cities. Moreover, it is not to be forgotten that to some a homosexual proposition is inflammatory, which public utterance might well lead to a breach of the peace.
We therefore conclude that Penal Code section 647, subdivision (a) prohibits the soliciting in public of lewd or dissolute conduct irrespective of where it is to take place.
Appellant contends that he was denied a speedy trial because on November 28 the case was continued over his objection to December 9. December 9 was the fourth day after the expiration of 30 days from his arraignment and plea. The record is inadequate to present the question of whether sufficient grounds for continuance existed.
While defendant objected to the continuance he did not move to dismiss. Both an objection and a timely motion for dismissal are required before the issue may be raised on appeal. (People v. Wilson (1963) 60 Cal.2d 139 [32 Cal.Rptr. *Supp. 960 44, 383 P.2d 452].) While Wilson is a felony case and because of Penal Code section 1387 certain considerations are not the same it has been approved in a misdemeanor matter. (Dulsky v. Municipal Court (1966) 242 Cal,App.2d 288 [51 Cal.Rptr. 381].) In misdemeanor matters a timely motion is necessary so that if adequate reasons for the continuance exist the record may be made to so reflect. Otherwise there is no way to tell whether the continuance was proper or improper. In this regard defendant complains because the trial court failed to comply with Penal Code section 1050 as to setting forth the grounds for continuance in the minutes. This section is directory only, not mandatory. (Malengo v. Municipal Court (1961) 56 Cal.2d 813 at 816 [17 Cal.Rptr. 10, 366 P.2d 453].) Moreover, defendant never objected in the trial court to the failure to record the reasons for the continuance in the minutes. He cannot raise this question for the first time on appeal. (Dulsky v. Municipal Court, supra, 242 Cal.App.2d 288 atp. 293.)
The judgment is affirmed.
Aiso, P. J., and Meyer, J., concurred.
An application for a transfer to the Court of Appeal was denied by the Second Appellate District, Division Three, on April 18, 1967.

In addition to the two constructions considered in the body of this opinion it was suggested in People v. Sine that the phrase “in any public place” could modify (a) only the verb “solicits,” (b) only the verbs “to engage in” or “engages in,” (e) the verbs “solicits,” “to engage in” and “engages in.” We can think of no reason for passing over the verb closest to modifier and going only to the one furthest removed; nor can we see any logical reason for having the phrase modify an infinitive and only one of two active verbs. Suggestion '(c) is" even more limiting than the construction relied upon by the appellant -arid is unacceptable for the same reasons. "

By so stating we do not concur in the concession of Judge Ferguson concurring in People v. Sine that the only construction of the statute which is technically grammatically correct is that used by the appellant. We believe the construction adopted by us is equally proper.

Vagrants, Rogues and Vagabonds—Old Concepts in Need of Revision (1960) 48 Cal. Law Rev. 557.

The published opinion merely states that the testimony was sufficient to support the jury’s verdict of guilty. Reference to the appeal file in this court (OR A 3546) reveals that the testimony related to a solicitation basically the same as the one in the case at bench.

People v. Vis, supra, 243 Cal.App.2d 549.