[Crim. No. 3363.   Fourth Dist., Div. Two.   Sept. 16, 1968.]

THE PEOPLE, Plaintiff and Appellant, v. GILBERT ARNOLD MESA, Defendant and Respondent.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

Willard R. Pool, City Attorney, and Thomas E. Andrews, Deputy City Attorney, for Plaintiff and Appellant.

Frank L. Williams, Jr., Public Defender, and Kenneth D. Cook, Deputy Public Defender, for Defendant and Respondent.

McCABE, P. J.—Defendant was charged and convicted in a nonjury case of violation of Penal Code, section 647, subdivision (a).  After the conviction, the trial court granted a new trial on the ground of insufficiency of the evidence to constitute a violation of Penal Code, section 647, subdivision (a). From this ruling the People appealed to the appellate department of the superior court upon an agreed settled statement of facts which states:

"On November 12, 1967, Officer Ricketts, who had been assigned to the Vice Detail of the Garden Grove Police Department, was working in an undercover capacity at the Mug Bar, 8612 Garden Grove Boulevard. Officer Ricketts was seated on a bar stool at the far north end of the bar with his back against the north wall, his right elbow resting on the bar and his shoe heels hooked on the foot-rest of the bar stool.

"At approximately 1:10 A.M., at which time the bar was crowded, the defendant entered the bar through the north door, paused to scan the room and then approached Officer Ricketts. The defendant spoke to Officer Ricketts, stepped into a position between Officer Ricketts' knees and ordered a mug of beer; Officer Ricketts' knees were approximately six inches from Officer Parr's right leg, Officer Parr then being seated on the adjacent bar stool, facing the bar. The defendant remained between Officer Ricketts' knees until the bartender arrived with the mug of beer. The defendant then picked up the mug with his left hand and stepped back from the bar to a position in the approximate area of Officer Ricketts' left knee. The defendant and Officer Ricketts introduced themselves to each other.

"The conversation between the defendant and Officer Ricketts lasted approximately fifteen minutes. During this time the defendant was standing beside and slightly to the front of Officer Ricketts. During the conversation the defendant asked Officer Ricketts what he did for a living and Officer Ricketts

replied that he had just been discharged from the service and was looking for work. At another point in the conversation the defendant whispered in Officer Ricketts' ear, 'You're a doll and I'm crazy about you.' The defendant then placed his right hand on Officer Ricketts' left thigh and began to massage his thigh between the knee and the groin. The defendant then motioned that he wanted to whisper something to Officer Ricketts. When Officer Ricketts leaned forward, turning his head to his left, the defendant, without saying a word, inserted his tongue into Officer Ricketts' right ear, French kissing it. Officer Ricketts then asked the defendant what his game was. The defendant replied, 'Fun in bed.' When queried by Officer Ricketts as to what kind of fun, the defendant responded, 'I want to put you in me.' Officer Ricketts, then asked where he meant, and the defendant answered, 'In my mouth or in my back end, doll.' At this time Officer Ricketts requested that the defendant accompany him to the rear parking lot and the defendant agreed.

"Upon arriving at the rear parking lot of the Mug Bar, Officer Ricketts identified himself as a Garden Grove Police Officer and placed the defendant under arrest for violation of Section 647(a) of the California Penal Code. The defendant was advised of his constitutional rights by Detective Sergeant Beauchamp. After obtaining identification from the defendant he was transported to Orange County Jail by Officer Ricketts, Badge #85."

The question presented is whether Penal Code, section 647, subdivision (a), prohibits the public solicitation of lewd and dissolute conduct to take place only in a public place as contended by defendant or whether it also prohibits the solicitation in a public place of lewd and dissolute conduct regardless of where the act is to be performed as contended by the prosecution.

In pertinent part, section 647 reads: "Every person who commits any of the following acts shall be guilty of disorderly conduct, a misdemeanor: (a) Who solicits anyone to engage in or who engages in lewd or dissolute conduct in any public place or in any place open to the public or exposed to public view."

The phraseology of this section although not artistically drawn is capable of a reasonable construction commensurate with the intent of the Legislature and not so vague as to make it unenforceable. The proximity of the phrase "in a public place" to the noun "conduct" permits the interpretation that "conduct" is the word modified rather than the verbs

"solicits" and "engages." On the other hand, "in a public place" could be construed to modify the remote verbs. The former construction forces the conclusion that the primary purpose of the section is to prohibit lewd or dissolute conduct in a public place. This purpose would be facilitated by proscribing not only the lewd act in a public place but also a solicitation wherever made for an act to occur in a public place. The latter interpretation, by contrast, places the emphasis on the *public* solicitation of lewd or dissolute conduct. Thus, any public solicitation would be prohibited no matter where the act was to occur, but a solicitation in private for lewd public conduct would not be proscribed.

Some basic rules of statutory construction are proper to determine the matter before us. Penal Code, section 4, provides: "The rule of the common law, that penal statutes are to be strictly construed, has no application to this code. All its provisions are to be construed according to the fair import of their terms, with a view to effect its objects and to promote justice." Courts have frequently recognized that if a strict and literal construction of a statute is opposed to the legislative intention apparent from the act, the literal construction should not prevail. (*In re Haines,* 195 Cal. 605, 612-613 [234 P. 883]; *People* v. *Herrera,* 255 Cal.App.2d 469, 471 [63 Cal.Rptr. 96]; *Meyer* v. *Superior Court,* 247 Cal.App.2d 133, 139 [55 Cal.Rptr. 350]; *People* v. *Haskins,* 177 Cal.App.2d 84, 86-87 [2 Cal.Rptr. 34]; 45 Cal.Jur.2d, Statutes, § 130, pp. 637-638.) In *In re Haines, supra,* at p. 613, the court quoted from Lewis' Sutherland on Statutory Construction (2d ed.) § 376, p. 721: " 'The mere literal construction of a section in a statute ought not to prevail if it is opposed to the intention of the legislature apparent by the statute; and if the words are sufficiently flexible to admit of some other construction it is to be adopted to effectuate that intention. . . .' " ▮ Moreover, as stated in *People* v. *Deibert,* 117 Cal.App.2d 410, 418 [256 P.2d 355], "The complexities of the social problems dealt with by the Legislature require that a practical construction be given to the language employed by the draftsmen of legislation lest their purposes be too easily nullified by overrefined inquiries into the meanings of words. ▮ 'Reasonable certainty, in view of the conditions, is all that is required, and liberal effect is always to be given to the legislative intent when possible.' [Citation.] " (See also *People* v. *Fair,* 254 Cal.App.2d 890, 892-893 [62 Cal.Rptr. 632]; *People* v. *Dudley,* 250 Cal.App.2d Supp. 955, 958 [58 Cal.Rptr.

557] ; *People* v. *Vis,* 243 Cal.App.2d 549, 555 [52 Cal.Rptr. 527].)

Section 647 was enacted by the Legislature in 1961 to restate the law of vagrancy in California. (See 36 State Bar. J. 801.) The former section 647 had been the subject of criticism because it designated as criminal the ''status'' of being a common drunkard, or a common prostitute or being known as a pickpocket, thief, burglar or confidence operator. In 1960 the State Supreme Court in *In re Newbern,* 53 Cal.2d 786 [3 Cal.Rptr. 364, 350 P.2d 116], held that the term ''common drunkard'' was unconstitutionally vague. After the *Newbern* case, the Legislature, following the suggestion of Professor Sherry, (see *Vagrants, Rogues and Vagabonds—Old Concepts in Need of Revision* [1960], 48 Cal.L.Rev. 557; cf. Perkins, *The Vagrancy Concept,* 9 Hastings L.J., 237), redrafted section 647 to replace status crimes with ''conduct'' crimes. Consequently, the former section 647, subdivision 5, ''Every lewd or dissolute person, or every person who loiters in or about public toilets in public parks . . . is a vagrant'' was replaced with section 647, subdivision (a). The Assembly Interim Committee, in its report recommending that the old vagrancy statute be replaced, states (22 Assembly Imterim Com. Report No. 1, Appendix to the Journal of the Assembly, Vol. 2, Reg. Sess. 1961) at p. 13: ''This provision is drafted to cover the subject matter of existing subsection 5 which provides that a 'lewd and dissolute person' is a vagrant. It departs from the concept of status and deals directly with socially harmful lewd or dissolute conduct, that is, such conduct when it occurs in public view.''

The Assembly Interim Committee was quoting from the proposals of Professor Sherry which in turn referred to the professor's recommendations for changes in the old statute. He suggested that the new subdivision (a) should read, ''Who engages in lewd or dissolute conduct in any public place . . .'' and this recommendation was supported by the committee. Sometime later the 1961 legislature added the clause, ''Who solicits anyone to engage in'' at the beginning of the section as proposed.

From the above facts it may readily be inferred that the Legislature, in enacting section 647, subdivision (a), in its present form sought to proscribe at least two separate acts:[1] (1) engaging in lewd or dissolute conduct in a public place;

---

[1]We express no opinion as to whether private solicitations for public conduct or private solicitations for private conduct are also prohibited by this section.

and (2) soliciting lewd or dissolute conduct in a public place.

This interpretation ascribes to the Legislature the intention of determining two types of conduct which would outrage public decency—the act and the solicitation. It is manifest the Legislature believed that subjection in public to homosexual advances or observation in public of a homosexual proposition would engender outrage in the vast majority of people. Significantly, it was this very conduct which occurred in the case at bench. The above interpretation would protect the public from such exposure. (See 13 UCLA L.Rev., *The Consenting Homosexual and the Law: An Empirical Study of Enforcement and Administration in Los Angeles County*, part III, p. 697.)

In *People* v. *Dudley, supra,* 250 Cal.App.2d Supp. 955, 959, the statement is made: ''We cannot believe the Legislature intended to subject innocent bystanders, be they men, women or children, to the public blandishments of deviates so long as the offender was smart enough to say that the requested act was to be done in private. Nor do we feel the legislators were unaware of the open, flagrant and to decent people disgusting solicitations of sexual activity which have occurred on the public streets of some of our cities. Moreover, it is not to be forgotten that to some a homosexual proposition is inflammatory, which public utterance might well lead to a breach of the peace.''

We conclude that section 647, subdivision (a) of the Penal Code prohibits public solicitations of lewd or dissolute conduct regardless of where the solicited acts are to be performed.

We do not ignore the questions raised by the defendant as to certain constitutional grounds which according to the record before us were never raised in the lower court either during the trial or upon the motion for new trial. Since the issue before us is an appeal from the order granting a new trial, we do not consider or rule upon the contentions of defendant. These may be presented in other and future proceedings.

The order granting new trial is reversed.

Kerrigan, J., and Fogg, J. pro tem.,* concurred.

Respondent's petition for a hearing by the Supreme Court was denied November 13, 1968. Peters, J., was of the opinion that the petition should be granted.

*Assigned by the Chairman of the Judicial Council.