Opinion
TOBRINER, J.
Defendant Don Piyor seeks prohibition to bar his trial on a charge of violating Penal Code section 647, subdivision (a). This section declares that a person is guilty of disorderly conduct, a misdemeanor, “Who solicits anyone to engage in or who engages in lewd or *244 dissolute conduct in any public place or in any place open to the public or exposed to public view.” (Italics added.) We agree with defendant that the phrase “lewd or dissolute conduct” as construed by past decisions is unconstitutionally vague. If, however, we can reasonably construe the statute to conform with the mandate of specificity, we should not, and will not declare the enactment unconstitutional. Consequently, rejecting prior interpretations of this statute, we adopt a limited and specific construction consistent with the present function of section 647, subdivision (a), in the California penal statutes; we construe that section to prohibit only the solicitation or commission of conduct in a public place or one open to the public or exposed to public view, which involves the touching of the genitals, buttocks, or female breast, for purposes of sexual arousal, gratification, annoyance or offense, by a person who knows or should know of the presence of persons who may be offended by the conduct. As so construed, section 647, subdivision (a), complies with constitutional standards; we therefore deny defendant’s petition for writ of prohibition.
On May 1, 1976, defendant solicited an undercover police officer to perform an act of oral copulation. He was arrested; a search incident to that arrest revealed defendant’s possession of less than one ounce of marijuana. Defendant was charged with violating Penal Code section 647, subdivision (a), by soliciting a lewd or dissolute act, and with violating Health and Safety Code section 11357, subdivision (b), by possession of less than one ounce of marijuana.
Defendant moved to suppress the introduction of the marijuana, contending that section 647, subdivision (a) was unconstitutional on the ground of vagueness, and hence that the search was not incident to a lawful arrest. When that motion was denied, defendant pled guilty to the marijuana charge. He subsequently appealed that conviction under Penal Code section 1538.5, but the appellate department affirmed the conviction.
Defendant proceeded to trial on the charge of soliciting a lewd or dissolute act in violation of section 647, subdivision (a). At trial, the officer testified that he parked his car a few feet from where defendant was standing. Defendant came over, and after a brief conversation, suggested oral sex acts. Looking at a nearby parking lot, defendant said “We could probably sit and park in the parking lot.” The officer suggested instead that they go to his home. Defendant agreed, entered the car, and was arrested.
*245 Defendant’s version of the incident differs only in that he denies making any statement about the parking lot, but maintains instead that the only situs discussed was the officer’s home. Thus both defendant and the officer agree that defendant, while in a public place, solicited an act of oral sex; they disagree only whether defendant suggested the act itself occur in a public place.
Over defendant’s objection, the trial court instructed the juiy that oral copulation between males is “lewd or dissolute” as a matter of law. The court further instructed over objection that “If the solicitation occurred in a public place, it is immaterial that the lewd act was intended to occur in a private place.” (CALJIC No. 16.401.) Despite these instructions, which virtually compelled the jury to find defendant guilty, the jury deadlocked and the court declared a mistrial.
Defendant then filed the instant petition for writs of prohibition and mandate with this court, raising various points in connection with the marijuana conviction and the pending retrial for solicitation of lewd or dissolute conduct. We issued an alternative writ of prohibition “limited to the proceedings in the municipal court related to retrial of the charge of violating section 647, subdivision (a) of the Penal Code. . . .” Thus no issue respecting the marijuana conviction is presently before this court.
With respect to the approaching retrial, defendant first seeks to prohibit the court from instructing the jury that public solicitation of an act to be performed in private is criminal and that oral copulation between males is lewd and dissolute as a matter of law. Because the writ of prohibition does not lie to prevent merely anticipated error (see 5 Witkin, Cal. Procedure (2d ed. 1971) p. 3810 and cases there cited), defendant’s objection to anticipated jury instructions states no basis for present relief. Defendant’s further contention that section 647, subdivision (a) is unconstitutionally vague, however, states a basis for issuance of prohibition since a court lacks jurisdiction to proceed to trial under a facially unconstitutional statute. (Dillon v. Municipal Court (1971) 4 Cal.3d 860, 866, fn. 6 [94 Cal.Rptr. 777, 484 P.2d 945]; see In re Berry (1968) 68 Cal.2d 137, 145 [65 Cal.Rptr. 273, 436 P.2d 273]; In re Cregler (1961) 56 Cal.2d 308, 309 [14 Cal.Rptr. 289, 363 P.2d 305].)
Past decisions of the Court of Appeal and the appellate department of the superior court have held that section 647, subdivision (a), is not *246 unconstitutionally vague. [1] That issue, however, reached this court on only one prior occasion. In In re Giannini (1968) 69 Cal.2d 563 [72 Cal.Rptr. 655, 446 P.2d 535], a topless dancer was charged with violating section 647, subdivision (a). Reasoning that her dance was presumptively a communication protected by the First Amendment and that such communications lose protection only if they are “obscene,” we equated the statutory term “lewd or dissolute” with obscenity. So interpreted, we stated that the vagueness objection to the statute was not tenable. (69 Cal.2d at p. 571, fn. 4.)
We do not regard Giannini as controlling in the present case. In the first place, we expressly limited our interpretation of “lewd or dissolute” as “obscene” only to the “present purpose of determining the alleged obscenity of a dance performed before an audience for entertainment,” (p. 571, fn. 4) an activity which, we reasoned, involved “communication of ideas, impressions and feelings” (p. 570) and could not be banned unless it were obscene. Defendant Pryor, by way of contrast, is not charged with a lewd, dissolute or obscene communication, but with soliciting a lewd or dissolute act; the Giannini definition of the statutory terms thus does not apply to the present case. Moreover, the reasoning which led this court to apply an obscenity test to reverse the conviction in In re Giannini was itself repudiated by a majority of this court in Crownover v. Musick (1973) 9 Cal.3d 405 [107 Cal.Rptr. 681, 509 P.2d 497].
We therefore turn afresh to the issue whether the language of section 647, subdivision (a), is sufficiently specific to meet constitutional standards. In analyzing this issue, we look first to the language of the statute, then to its legislative history, and finally to California decisions construing the statutory language. (See In re Davis (1966) 242 Cal.App.2d 645 [51 Cal.Rptr. 702].)
The statutory terms “lewd” and “dissolute” are not technical legal terms, but words of common speech. (Cf. In re Newbern (1960) 53 Cal.2d 786, 795 [3 Cal.Rptr. 463, 350 P.2d 116].) In ordinary usage, they do not imply a definite and specific referent, but apply broadly to conduct which *247 the speaker considers beyond the bounds of propriety. Thus, speaking of the term “lewd,” the court in Morgan v. City of Detroit (E.D.Mich. 1975) 389 F.Supp. 922, 930, observed that all definitions of that term in ordinary usage are “subjective,” dependent upon the speaker’s “social, moral, and cultural bias.” The term “dissolute” is, if anything, even less specific; while “lewd” implies a sexual act, “dissolute” can refer to nonsexual acts which exceed subjective limits of propriety. (Edelman v. California (1953) 344 U.S. 357, 365 [97 L.Ed. 387, 394, 73 S.Ct. 293] (Black, J. dis.); see People v. Jaurequi (1956) 142 Cal.App.2d 555, 560-561 [298 P.2d 896] (narcotics addict a “dissolute person”).)
Finding, therefore, that the facial language of section 647, subdivision (a) is not sufficiently certain to bring the statute into compliance with due process standards, we turn to examine legislative history as a guide to its construction. The Legislature enacted present section 647, subdivision (a) in 1961 to replace former section 647, subdivision 5, which provided that “Eveiy lewd or dissolute person ... is a vagrant, and is punishable [as a misdemeanant].” That earlier enactment formed part of California’s vagrancy law, a venerable but archaic-form of status crime which dates from the economic crisis occasioned by the Black Death in early 14th century England. (See 3 Stephen, History of the Criminal Law of England (1883) pp. 266-275.) As Justice Frankfurter noted, vagrancy statutes were purposefully cast in vague language; “[d]efiniteness is designedly avoided so as to allow the net to be cast at large, to enable men to be caught who are vaguely undesirable in the eyes of the police and prosecution. ...” (Winters v. New York (1948) 333 U.S. 507, 540 [92 L.Ed. 840, 862, 68 S.Ct. 665].)[2]
Our 1960 decision in In re Newbern, supra, 53 Cal.2d 786, holding the “common drunk” provision (Pen. Code, § 647, subd. 11) of the California Vagrancy Law void for vagueness, and an analysis of vagrancy statutes by Professor Arthur Sherry (Sherry, Vagrants, Rogues, and Vagabonds—Old Concepts in Need of Revision (1960) 48 Cal. L. Rev. 557) prompted the 1961 revision of section 647. That revision changed the criminal proscription from status (“lewd or dissolute person”) to behavior (“lewd or dissolute conduct”). It also added, for the first time, a specific proscription against solicitation; decisions under the former law treated solicitation simply as evidence that the solicitor was leading a lewd or *248 dissolute life. (See People v. Woodworth (1956) 147 Cal.App.2d Supp. 831 [305 P.2d 721];[3] cf. People v. Bayside Land Co. (1920) 48 Cal.App. 257 [191 P. 994] (red light abatement act case).)
The legislative history, however, suggests no intent to change the definition of “lewd or dissolute” established by the decisions under the former vagrancy statute. (See 22 Assem. Interim Com. Rep. No. 1, Crim. Procedure, 2 Appen. Assem.J (1961 Reg. Sess.); Sherry, op. cit. supra, 48 Cal.L.Rev. 557, 569.) According to People v. Dudley, supra, 250 Cal.App.2d Supp. 955, 958, new Penal Code section 647, subdivision (a), “was designed to cover acts of the kind usually committed by persons falling within the old ‘vag-lewd’ concept as theretofore set forth in 647, subdivision 5.”
The legislative history thus reveals section 647, subdivision (a), to be the lineal descendant of the archaic vagrancy statutes which were designedly drafted to grant police and prosecutors a vague and standard-less discretion. Under these circumstances, we cannot look to legislative history to supply section 647, subdivision (a), with a clear and definite content; such construction must come, if at all, from judicial interpretation of the statute.
Turning to the cases which have construed section 647, subdivision (a) and its predecessor is like opening a thesaurus. The cases do not define “lewd or dissolute” by pointing to specific acts, but by pejorative adjectives. “[T]he words ‘lewd’ and ‘dissolute’ are synonymous, and mean lustful, lascivious, unchaste, wanton, or loose in morals and conduct.” (CALJIC (Misdemeanor) No. 16.402, quoted in People v. Williams (1976) 59 Cal.App.3d 225, 229 [130 Cal.Rptr. 460]; see People v. Babb (1951) 103 Cal.App.2d 326, 330 [229 P.2d 843].)[4] ’’Dissolute” behavior is that which is “ ‘loosed from restraint, unashamed, lawless, loose in morals and conduct, recklessly abandoned to sensual pleasures, profligate, wanton, lewd, debauched.’ ” (People v. Jaurequi, supra, 142 Cal.App.2d 555, 561; *249 People v. Scott (1931) 113 Cal.App. Supp. 778, 783 [296 P. 601].) A dissolute person is one who is “ ‘indifferent to moral restraint’ ” and “ ‘given over to dissipation. . . .’ ” (People v. Jaurequi, supra, 142 Cal.App.2d 555, 560.) The terms “lewd” and “dissolute” ordinarily include conduct found “disgusting, repulsive, filthy, foul, abominable [or] loathsome” under contemporary community standards. (Silva v. Municipal Court (1974) 40 Cal.App.3d 733, 741 [115 Cal.Rptr. 479].)[5]
This impressive list of adjectives and phrases confers no clarity upon the terms “lewd” and “dissolute” in section 647, subdivision (a). Indeed, “the veiy phrases and synonyms through which meaning is purportedly ascribed serve to obscure rather than to clarify those terms.” (State v. Kueny (Iowa 1974) 215 N.W.2d 215, 217 (holding the phrase “open and gross lewdness” unconstitutionally vague).) To instruct the jury that a “lewd or dissolute” act is one which is morally “loose,” or “lawless,” or “foul” piles additional uncertainty upon the already vague words of the statute. In short, vague statutoiy language is not rendered more precise by defining it in terms of synonyms of equal or greater uncertainty.
Only one California decision, Silva v. Municipal Court, supra, 40 Cal.App.3d 733, has attempted to refine the uncertainty of the statutory language. Relying on In re Giannini, supra, 69 Cal.2d 563, in which we equated “lewd” and “dissolute” with “obscene,” Silva attempted to adapt an obscenity test to section 647, subdivision (a). Section 647, subdivision (a), Silva concluded, prohibits “that sort of sexual conduct which is ‘grossly repugnant’ and ‘patently offensive’ to ‘generally accepted notions of what is appropriate’ and decent according to statewide contemporary community standards.” (40 Cal.App.3d 733, 741.)
The test proposed by Silva, however, rests on a misunderstanding of our language in In re Giannini, and adds little certainty to the meaning of section 647, subdivision (a). As we explained earlier, Giannini defined “lewd or dissolute” as obscene only in a context in which a presumptively protected communication was itself charged with being a “lewd or dissolute” act (see, ante, at p. 246); we did not provide a definition *250 applicable to all solicitations or conduct, which might fall within the ambit of section 647, subdivision (a). The obscenity test as developed in Supreme Court decisions was not framed to measure noncommunicative conduct; with no audience to be aroused pruriently or redeemed socially, all that is left of the test is its appeal to contemporary community standards. That appeal is the vaguest part of the test (see Bloom v. Municipal Court (1976) 16 Cal.3d 71, 89-90 [127 Cal.Rptr. 317, 545 P.2d 229] (Tobriner, J, dis.)), and, standing alone, does not provide a sufficient standard to judge the criminality of conduct. Indeed in Miller v. California (1973) 413 U.S. 15 [37 L.Ed.2d 419, 93 S.Ct. 2607], which established the current test of obscenity, the court insisted that a viable obscenity statute must spell out in specific terms the sexual conduct whose depiction it proscribes. (413 U.S. at p. 24 [37 L.Ed.2d at p. 431].) The test set out in Silva does not comply with this standard.
Moreover, subsequent California decisions have not consistently followed the lead of Silva. Although People v. Rodrigues, supra, 63 Cal.App.3d Supp. 1, 4, applied the Silva test generally to lewd and dissolute conduct, in People v. Williams (1976) 59 Cal.App.3d 225 [130 Cal.Rptr. 460], the Court of Appeal held that Silva’s test applies only when the conduct in question involved a theatrical performance. People v. Deyhle, supra, 16 Cal.App.3d Supp. 1 agreed with Williams.
Thus the California cases to date have produced neither a clear nor a consistent definition of the term “lewd or dissolute conduct” in section 647, subdivision (a). The decisions have also failed to adopt possible interpretations of the statute which would narrow its scope and in that manner increase its specificity. Refusing to confine the phrase “lewd or dissolute conduct” to sexual conduct, the courts have applied the term “dissolute” to sustain the conviction under former section 647, subdivision 5, of a defendant who was addicted to narcotics (People v. Jaurequi, supra, 142 Cal.App.2d 555, 560), of a defendant who gave inflammatory speeches (see Edelman v. California, supra, 344 U.S. 357; id, at p. 365 [97 L.Ed. at p. 394] (Black, J, dis.)), and to sustain juvenile court jurisdiction over a minor who sold marijuana (In re Daniel R. (1969) 274 Cal.App.2d 749 [79 Cal.Rptr. 247]) on the ground that he was “in danger of leading a dissolute life.” Courts also have rejected invitations to limit the statute to public conduct (People v. Mesa, supra, 265 Cal.App.2d 746, 750-751; People v. Dudley, supra, 250 Cal.App.2d Supp. 955, 957-958) or to conduct otherwise illegal (Silva v. Municipal Court, supra, 40 Cal.App.3d 733; In re Steinke (1969) 2 Cal.App.3d 569, 573 [82 Cal.Rptr. 789]). Thus the statute as construed by prior California *251 decisions appears to reach any public conduct, or public solicitation to public or private conduct, if that conduct might be described as “lustful,” “loose in morals,” “disgusting,” or by other epithetical adjectives.[6]
We conclude that California decisions do not provide a specific content for the uncertain language of section 647, subdivision (a). Such vague statutory language, resulting in inadequate notice of the reach and limits of the statutory proscription, poses a specially serious problem when the statute concerns speech, for uncertainty concerning its scope may then chill the exercise of protected First Amendment rights. (See Lewis v. City of New Orleans (1974) 415 U.S. 130, 133-134 [39 L.Ed.2d 214, 219-220, 94 S.Ct. 970]; Gooding v. Wilson (1972) 405 U.S. 518, 521 [31 L.Ed.2d 408, 413, 92 S.Ct. 1103].) Section 647, subdivision (a), we observe, does not proscribe lewd, dissolute, or obscene solicitations; it bans any public solicitation, however discreet or diffident, of lewd or dissolute conduct. Cases have extended that ban to solicitations seeking private, lawful, and consensual conduct. (People v. Mesa, supra, 265 Cal.App.2d 746; People v. Dudley, supra, 250 Cal.App.2d Supp. 955.)
But what private, consensual, lawful sexual acts are nonetheless lewd or dissolute, such that public solicitation of them is criminal? The answer of the prior cases—such acts as are lustful, lascivious, unchaste, wanton, or loose in morals and conduct—is no answer at all. Some jurors would find that acts of extramarital intercourse fall within that definition; some would draw the line between intercourse and other sexual acts; others would distinguish between homosexual and heterosexual acts. Thus one could not determine what actions are rendered criminal by reading the statute or even the decisions which interpret it. He must gauge the temper *252 of the community, and predict at his peril the moral and sexual attitudes of those who will be called to serve on the jury.[7]
As we noted in In re Newbern, supra, 53 Cal.2d 786, 796, vague statutory language also creates the danger that police, prosecutors, judges and juries will lack sufficient standards to reach their decisions, thus opening the door to arbitrary or discriminatory enforcement of the law. The danger of discriminatory enforcement assumes particular importance in the context of the present case. Three studies of law enforcement in Los Angeles County indicate that the overwhelming majority of arrests for violation of Penal Code section 647, subdivision (a), involved male homosexuals.[8] People v. Rodrigues, supra, 63 Cal.App.3d Supp. 1, presents another striking illustration of discriminatory enforcement of section 647, subdivision (a). Such uneven application of the law is the natural consequence of a statute which as judicially construed measured the criminality of conduct by community or even individual notions of what is distasteful behavior.
*253 Court decisions have struck down laws as unconstitutionally vague which contained language similar to section 647, subdivision (a). In Perrine v. Municipal Court (1971) 5 Cal.3d 656 [97 Cal.Rptr. 320, 488 P.2d 648], we considered an ordinance mandating denial of a bookseller’s license to one who had permitted “acts of sexual misconduct” in his business operations; we held the quoted phrase unconstitionally vague. (Accord, Sanita v. Board of Police Comnrs. (1972) 27 Cal.App.3d 993, 997-998 [104 Cal.Rptr. 380].) In Gonzalez v. Mailliard (N.D.Cal. 1971) (No. 50424 SAW) a three-judge federal court held Welfare and Institutions Code section 601, which then authorized a wardship over a juvenile in danger of leading “an idle, dissolute, lewd or immoral life,” void for vagueness.[9] Finally, In re Davis, supra, 242 Cal.App.2d 645, invalidated Penal Code section 650-10 which declared it criminal to “wilfully and wrongfully” commit any act “which outrages public decency”; the Court of Appeal observed that the statute was drafted in deliberately vague terms so as to grant excessive discretion to the prosecutor and the jury.[10]
Supported by the foregoing decisions, we conclude that section 647, subdivision (a), as construed by prior California decisions, does not meet constitutional standards of specificity. That conclusion, however, does not dispose of this case. The judiciary bears an obligation to “construe enactments to give specific content to terms that might otherwise be unconstitutionally vague.” (Associated Home Builders etc., Inc. v. City of Livermore (1976) 18 Cal.3d 582, 598 [135 Cal.Rptr. 41, 557 P.2d 473, 92 A.L.R.3d 1038].) Thus we have declared that “A statute will not be held void for uncertainty if any reasonable and practical construction can be given its language.” (American Civil Liberties Union v. Board of Education (1963) 59 Cal.2d 203, 218 [28 Cal.Rptr. 700, 379 P.2d 4].) If by fair and reasonable interpretation we can construe section 647, subdivision (a), to sustain its validity, we must adopt such interpretation (see Braxton v. Municipal Court (1973) 10 Cal.3d 138, 145 [109 Cal.Rptr. 897, 514 P.2d 697]; San Francisco Unified School District v. Johnson (1971) 3 Cal.3d 937, 948 [92 Cal.Rptr. 309, 479 P.2d 669]), even if that course requires us to depart from prior precedent which fastened an *254 unconstitutionally broad interpretation on the statute. We believe that such a construction can be derived from analysis of the role of section 647, subdivision (a), in the structure of the California penal law.
We begin with the portion of the statute proscribing “solicitation” of lewd or dissolute conduct. The term “solicitation” itself is:not unconstitutionally vague. (People v. Superior Court (Hartway) (1977) 19 Cal.3d 338, 346 [138 Cal.Rptr. 66, 562 P.2d 1315].) Instead our difficulties stem from the decisions in People v. Mesa, supra, 265 Cal.App.2d 746 and People v. Dudley, supra, 250 Cal.App.2d Supp. 955, holding that public solicitation of private conduct falls within the statutory compass. Mesa and Dudley, however, were decided at a time when many forms of private consensual sexual acts were illegal. With the enactment of the Brown Act (Stats. 1975, chs. 71 and 877), however, most such acts are no longer within the purview of the criminal law. Thus, as the Los Angeles City Attorney states in a brief filed in this case, we conclude that Mesa and Dudley are inconsistent with the protection of private conduct afforded by the Brown Act and are no longer viable; we believe section 647 subdivision (a), must be limited to the solicitation of criminal sexual conduct. (See Silva v. Municipal Court, supra, 40 Cal.App.3d 733, 742 (Sims, J., conc.).) More specifically, we hold that this section prohibits only solicitations which propose the commission of conduct itself banned by section 647, subdivision (a), that is, lewd or dissolute conduct which occurs in a public place, a place open to the public, or a place exposed to public view.
By so limiting the reach of the statute, we avoid two substantial constitutional problems. First, we need not attempt the probably impossible task of defining with constitutional specificity which forms of private lawful conduct, protected by the Brown Act, are lewd or dissolute conduct, the solicitation of which is proscribed by this statute. Second, we avoid the First Amendment issues which, as we noted earlier, attend a statute which prohibits solicitation of lawful acts. (See ante at pp. 251, 252.) A statute which by judicial construction prohibits only the solicitation of criminal acts does not abridge freedom of speech. (See Silva v. Municipal Court, supra, 40 Cal.App.3d 733, 737-738; cf. Dennis v. United States (1951) 341 U.S. 494, 504-508 [95 L.Ed. 1137, 1149-1152, 71 S.Ct. 857]; Goldin v. Public Utilities Comm. (1979) 23 Cal.3d 638 atpp. 654-657.)[11]
*255 Turning to the portion of the statute banning “lewd or dissolute conduct,” we hold that the terms “lewd” and “dissolute” are synonymous (see People v. Williams, supra, 59 Cal.App.3d 225, 229; People v. Babb, supra, 103 Cal.App.2d 326, 330) and refer to sexually motivated conduct (see In re Birch (1973) 10 Cal.3d 314, 318-319, fn. 4 [110 Cal.Rptr. 212, 515 P.2d 12]; Silva v. Municipal Court, supra, 40 Cal.App.3d 733, 739; People v. Swearington (1977) 71 Cal.App.3d 935, 944 [140 Cal.Rptr. 5]). We recognize that in People v. Jaurequi, supra, 142 Cal.App.2d 555, the Court of Appeal held that a narcotics addict was a “dissolute person,” and that the Assembly Committee Report recommending enactment of section 647, subdivision (a), cited Jaurequi with approval. Against that indicia of legislative intent, however, we must weigh the legislative determination that all persons convicted of violating section 647, subdivision (a), must register as sex offenders. (Pen. Code, § 290.) It is inconceivable that the Legislature intended that narcotics addicts, or other persons who, in Jaurequi's language, engage in “unashamed, lawless, [or] abandoned” behavior of a nonsexual character should so register. Whatever the situation in 1955 when Jaurequi was decided, it is apparent that section 647, subdivision (a), does not presently serve the function of controlling nonsexual conduct. The next step in constructing a constitutionally specific interpretation of section 647, subdivision (a), thus is to narrow its reach to sexually motivated conduct.
The final step is to define specifically the sexually motivated conduct proscribed by the section. (Cf. Miller v. California, supra, 413 U.S. 15, 24-26 [37 L.Ed.2d 419, 430-432].) We proceed by deriving the function of this section in the penal statutes pertaining to sexual conduct. Section 647, subdivision (a), unlike statutes which ban sexual assault or exploitation of minors, is limited to conduct in public view. The statute thus serves the primary purpose of protecting onlookers who might be offended by the proscribed conduct.
Two other statutes partially serve that same purpose. Penal Code section 314, subdivision 1, prohibits indecent exposure “in any public place, or in any place where there are present other persons to be offended or annoyed thereby. . . .” Section 311.6 prohibits “obscene live conduct to or before an assembly or audience ... in any public place or in any place exposed to public view, or in any place open to the public or to a segment thereof. . . .” Neither statute, however, is directed at sexual *256 conduct, as distinguished from indecent exposure, when such conduct is not intended to arouse the prurient interest of an audience. Section 647, subdivision (a), we believe, serves the function of filling this gap in the penal law.
Clearly, the statute cannot be construed to ban all sexually motivated public conduct, for such a sweeping prohibition would encompass much innocent and nonoflfensive behavior. A constitutionally specific definition must be limited to conduct of a type likely to offend. Although the varieties of sexual expression are almost infinite, virtually all such offensive conduct will involve the touching of the genitals, buttocks, or female breast, for “purposes of sexual arousal, gratification, or affront.” The quoted phrase, taken from In re Smith, supra, 1 Cal.3d 362, 366, serves not only to define the reach of the law but also to add a requirement of specific intent, a feature which has often served to avert a determination that a statute is unconstitutionally vague. (See, e.g., In re Cregler, supra, 56 Cal.2d 308.)
 Finally, in In re Steinke, supra, 2 Cal.App.3d 569, 576, the court stated that “the gist of the Offense proscribed in [Penal Code section 647] subdivision (a). . . is the presence or possibility of the presence of some one to be offended by the conduct.” We agree; even if conduct occurs in a location that is technically a public place, a place open to the public, or one exposed to public view, the state has little interest in prohibiting that conduct if there are no persons present who may be offended.[12] The scope of section 647, subdivision (a), should be limited accordingly.
For the foregoing reasons, we arrive at the following construction of section 647, subdivision (a): The terms “lewd” and “dissolute” in this section are synonymous, and refer to conduct which involves the touching of the genitals, buttocks, or female breast for the purpose of sexual arousal, gratification, annoyance or offense, if the actor knows or should know of the presence of persons who may be offended by his conduct. The statute prohibits such conduct only if it occurs in any public place or *257 in any place open to the public or exposed to public view; it further prohibits the solicitation of such conduct to be performed in any public place or in any place open to the public or exposed to public view.[13]
Under the construction we have established in this opinion, section 647, subdivision (a), prohibits only the solicitation or commission of a sexual touching, done with specific intent when persons may be offended by the act. It does not impose vague and far-reaching standards under which the criminality of an act depends upon the moral views of the judge or jury, does not prohibit solicitation of lawful acts, and does not invite discriminatory enforcement. We are confident that the statute, as so construed, is not unconstitutionally vague.
In addition to the charge of vagueness, defendant attacks the constitutionality of section 647, subdivision (a), on other grounds: he contends that the statute abridges his freedom of speech and association, invades his right to privacy, and denies him the equal protection of the laws. Those contentions rest upon the vague and sweeping interpretation which past decisions have given this section, and upon the manner in which courts and law enforcement officials, acting pursuant to such decisions, have enforced the statute. Nothing in defendant’s argument suggests that the statute as construed in this present opinion invades constitutionally protected rights.[14]
In determining whether to give retroactive effect to our holding in this case, we look to three considerations: “(a) the purpose to be served by the new standards, (b) the extent of reliance by law enforcement authorities on the old standards, and (c) the effect on the administration of justice of retroactive application of the new standards.” {Stovall v. Denno (1967) 388 U.S. 293, 297 [18 L.Ed.2d 1199, 1203, 87 S.Ct. 1967]; People v. Hitch (1974) 12 Cal.3d 641, 654 [117 Cal.Rptr. 9, 527 P.2d 361].) *258 We have also stated that “the factors of reliance and burden on the administration of justice are of significant relevance only when the question of retroactivity is a close one after the purpose of the new rule is considered.” (In re Johnson (1970) 3 Cal.3d 404, 410 [90 Cal.Rptr. 569, 475 P.2d 841]; People v. Kaanehe (1977) 19 Cal.3d 1, 10 [136 Cal.Rptr. 409, 559 P.2d 1028].)
The purpose underlying our adoption of a new construction of Penal Code section 647, subdivision (a), is not to deter improper police action (compare In re Lopez (1965) 62 Cal.2d 368, 377-379 [42 Cal.Rptr. 188, 398 P.2d 380]), but to establish a specific, constitutionally definite test of what conduct does or does not violate that section. That purpose implicates questions of guilt and innocence, for conduct which a trier of fact might have found criminal under the older vague definition may clearly fall beyond the scope of the statute as construed in the present case. “Given this critical purpose, neither judicial reliance on previous appellate endorsements of [the prior statutory construction] nor any effects on the administration of justice require us to deny the benefits of this rule to cases now pending on appeal.” (People v. Gainer (1977) 19 Cal.3d 835, 853 [139 Cal.Rptr. 861, 566 P.2d 997].) A defendant whose conviction is now final, however, will be entitled to relief by writ of habeas corpus only if there is no material dispute as to the facts relating to his conviction and if it appears that the statute as construed in this opinion did not prohibit his conduct. (People v. Mutch (1971) 4 Cal.3d 389, 396 [93 Cal.Rptr. 721, 482 P.2d 633] and cases there cited.)
Since section 647, subdivision (a), is constitutional as construed, defendant is not entitled to a writ of prohibition to bar his trial on the charge of violating that provision.[15] Accordingly, the alternative writ of prohibition is discharged and the petition for a peremptory writ is denied. Because defendant Pryor by this proceeding secured a favorable interpretation of section 647, subdivision (a), he shall recover costs in the matter.
*259 Bird, C. J., Mosk, J., and Newman, J., concurred.
Richardson, X, and Manuel, X, concurred in the judgment.

 People v. Williams (1976) 59 Cal.App.3d 225, 231 [130 Cal.Rptr. 460]; Silva v. Municipal Court (1974) 40 Cal.App.3d 733, 736-737 [115 Cal.Rptr. 479]; People v. Mesa (1968) 265 Cal.App.2d 746, 750-751 [71 Cal.Rptr. 594]; People v. Deyhle (1977) 76 Cal.App.3d Supp. 1 [143 Cal.Rptr. 135]; People v. Rodrigues (1976) 63 Cal.App.3d Supp. 1, 4 [133 Cal.Rptr. 765]; People v. Dudley (1967) 250 Cal.App.2d Supp. 955 [58 Cal.Rptr. 557]; cf. In re McCue (1908) 7 Cal.App. 765 [96 P. 110] (upholding former Pen. Code, § 647, subd. 5).

Although courts initially upheld vagrancy statutes against constitutional challenge (see, e.g., In re McCue, supra, 7 Cal.App. 765), in 1972 the United States Supreme Court finally resolved that vagrancy statutes cast in the classic mode are unconstitutionally vague. (Papachristou v. City of Jacksonville (1972) 405 U.S. 156 [31 L.Ed.2d 110, 92 S.Ct. 839].)

The Woodworth court asserts vaguely that “the approach and subsequent conduct [of defendant] was that of a homosexual.” (147 Cal.App.2d Supp. at p. 831.) It does not state that his offense was solicitation. In People v. Dudley, supra, 250 Cal.App.2d Supp. 955, the court by reference to the record on appeal in Woodworth determined that the evidence in Woodworth related to a homosexual solicitation. (See 250 Cal.App.2d Supp. 955, 958, fn. 4.)

See also In re Smith (1972) 7 Cal.3d 362, 365 [102 Cal.Rptr. 335, 497 P.2d 807] (construing the word “lewdly” in Pen. Code, § 314); People v. Loignon (1958) 160 Cal.App.2d 412, 419 [325 P.2d 514] (construing “lewd” in Pen. Code, § 288); People v. Deibert (1953) 117 Cal.App.2d 410, 419 [256 P.2d 355] (construing “lewd” and “dissolute” in former Welf. & Inst. Code, § 702).

The earliest decision, In re McCue, supra, 7 Cal.App. 765, 766, defined “lewd or dissolute” behavior as the “unlawful indulgence of lust, whether in public or private.” Since the issue is generally whether defendant’s behavior is “lawful,” the McCue definition is circular. Another earlier decision, People v. Bayside Land Co., supra, 48 Cal.App. 257, a red light abatement act case, defined “lewdness” as “immoral or degenerate conduct or conversation between persons of opposite sexes. . . .” (48 Cal.App. at p. 260.)

Decisions of other jurisdictions construing similar statutes offer little help. Some simply add additional adjectives to our list. Others have held statutes with wording similar to section 647, subdivision (a), unconstitutionally vague. (District of Columbia v. Walters (D.C.Ct.App. 1974) 319 A.2d 332 (“to commit any . . . lewd, obscene, or indecent act” unconstitutionally vague); Jellum v. Cupp (9th Cir. 1973) 475 F.2d 829 (“act of sexual perversity” unconstitutionally vague); Morgan v. City of Detroit, supra, 389 F.Supp. 922 (“to do'any . . . lewd immoral act” unconstitutionally vague); Balthazar v. Superior Court of Com. of Mass. (D.Mass. 1977) 428 F.Supp. 425, affd. (1978) 23 Crim.L.Rptr. 2113 (“unnatural and lascivious” acts unconstitutionally vague); State v. Kueny, supra, 215 N.W.2d 215 (“open and gross lewdness” unconstitutionally vague).) Finally, a few courts have adopted narrow definitions which supply specificity to their statute (see Riley v. United States (D.C.Ct.App. 1972) 298 A.2d 228 (“lewd purpose” defined as sodomy); State v. Dorsey (1974) 64 N.J. 428 [316 A.2d 689] (“act of lewdness” means indecent exposure or child molestation)), but any similarly limited constructions of section 647, subdivision (a), would violate legislative intent and render that statute superfluous.

Recognizing the First Amendment problems with the solicitation provision in section 647, subdivision (a), courts have upheld that provision on the ground that such solicitations are necessarily obscene (Silva v. Municipal Court, supra, 40 Cal.App.3d 733, 737) or that they constitute “fighting words,” words which may incite an immediate breach of the peace (People v. Mesa, supra, 265 Cal.App.2d 746, 751; People v. Dudley, supra, 250 Cal.App.2d Supp. 955, 959). Neither theory is adequate. It is possible—in fact, commonplace—to solicit sexual activity in language which itself is not obscene. (See Willemsen, Sex and the School Teacher (1974) 14 Santa Clara Law. 839, 859-860.) Similarly, in the right context and to an apparently receptive listener, a solicitation is unlikely to provoke a breach of the peace. (See City of Columbus v. Scott (1975) 47 Ohio App.2d 287 [353 N.E.2d 858, 861].)

A perusal of those studies suggests both that the police selected techniques and locations of enforcement deliberately designed to detect a disproportionate number of male homosexual offenders, and that they arrested male homosexuals for conduct which, if committed by two women or by a heterosexual pair, did not result in arrest. (See Project, The Consenting Adult Homosexual and the Law: An Empirical Study of Enforcement and Administration in Los Angeles County (1966) 13 UCLA L.Rev. 643; Copilow & Coleman, Enforcement of Section 647(a) of the California Penal Code by the Los Angeles Police Department (1972); Toy, Update: Enforcement of Section 647(a) of the California Penal Code by the Los Angeles Police Department (1974).) The 1972 and 1974 studies were privately printed, and are attached as exhibits to the amicus curiae brief of the National Committee for Sexual Civil Liberties.
The city attorney’s brief in response to the petition for writ of prohibition states that since January of 1977 the city attorney’s office has followed specific guidelines in deciding whether to prosecute cases under section 647, subdivision (a). The guidelines indicate that solicitation seeking private conduct will form the basis of a prosecution only if the solicitation is offensive, or the person solicited is under 18. Although these guidelines represent a substantial improvement in even-handed law enforcement when compared to past practices, their very detail and the extent to which they depart from judicial decisions construing section 647, subdivision (a), emphasizes the vast discretion granted the prosecutorial authorities under the statute.

The district court decision was vacated and remanded by the United States Supreme Court for reconsideration of the appropriateness of granting injunctive relief. (Mailliard v. Gonzalez (1974) 416 U.S. 918 [40 L.Ed.2d 276, 94 S.Ct. 1915].) The federal district court decision is not reported in the Federal Supplement, but appears in full in 1 Pepperdine L.Rev. 12 (1973).
The Legislature amended Welfare and Institutions Code section 601 in 1974 to remove the language found vague by the district court decision.

Decisions of other jurisdictions holding statutes similar to section 647, subdivision (a), unconstitionally vague are cited in footnote 6 page 251, ante.

Under this construction, the statute does not prohibit offensive public solicitations proposing private lawful acts. Some such solicitations could be punished under Penal Code section 415, subdivision (3), which prohibits the use of “offensive words in a public *255 place which are inherently likely to provoke an immediate violent reaction.” It is questionable whether the state could constitutionally punish nonobscene solicitations of lawful acts which are not inherently likely to provoke a breach of the peace. (Cf. Cohen v. California (1971) 403 U.S. 15, 20 [29 L.Ed.2d 284,291, 91 S.Ct. 1780].)

In re Steinke, supra, which involved sexual acts in a closed room in a massage parlor, suggested that a closed room made available to different members of the public at successive intervals was a place “open to the public” under section 647, subdivision (a). (See 2 Cal.App.3d. at p. 576; People v. Freeman (1977) 66 Cal.App.3d 424, 428-429 [136 Cal.Rptr. 76].) We do not endorse that interpretation, which would render a fully enclosed toilet booth (cf. Bielicki v. Superior Court (1962) 57 Cal.2d 602 [21 Cal.Rptr. 552, 371 P.2d 288]), a hotel room (cf. Stoner v. California (1964) 376 U.S. 483 [11 L.Ed.2d 856, 84 S.Ct. 889]), or even an apartment a place “open to the public” under this section.

Prior decisions construing section 647, subdivision (a) and its predecessor statute have, as this opinion explains, interpreted the statutory language so broadly as to render the statute vulnerable to the charge of unconstitutional vagueness. Accordingly, language in the following decisions inconsistent with the present opinion is disapproved: People v. Freeman, supra, 66 Cal.App.3d 424; People v. Williams, supra, 59 Cal.App.3d 225; Silva v. Municipal Court, supra, 40 Cal.App.3d 733; In re Steinke, supra, 2 Cal.App.3d 569; People v. Mesa, supra, 265 Cal.App.2d 746; People v. Jaurequi, supra, 142 Cal.App.2d 555; People v. Babb, supra, 103 Cal.App.2d 326; In re McCue, supra, 1 Cal.App. 765; People v. Deyhle, supra, 76 Cal.App.3d Supp. 1; People v. Rodrigues, supra, 63 Cal.App.3d Supp. 1; People v. Dudley, supra, 250 Cal.App.2d Supp. 955.

Defendant’s attack on the constitutionality of Penal Code section 290, the sex registration law, is premature; he has not yet been convicted and is not presently subject to registration.

In view of the narrowing construction given to the statute by this opinion, we do not believe that defendant can properly maintain that he was not on notice that conduct which violates the statute as construed herein was subject to criminal sanction. Although we have held that section 647, subdivision (a), as interpreted in prior judicial authorities, was not sufficiently clear or specific to pass constitutional muster, we believe that it was clear under those authorities that conduct proscribed by the statute as now interpreted would be criminal. Accordingly, defendants who committed such “hardcore” conduct cannot claim a denial of due process in having their conduct judged under the present, narrowly construed provisions of the statute. (See, e.g., Screws v. United States (1945) 325 U.S. 91 [89 L.Ed. 1495, 65 S.Ct. 1031]; see generally Amsterdam, The Void for Vagueness Doctrine in the Supreme Court (1960) 109 U.Pa.L.Rev. 67, 85-88.)