Opinion
LEVITT, J.
Appellant was convicted of a violation of Penál Code section 647, subdivision (b) (soliciting or engaging in an act of prostitution). Appellant contends that the case of Pryor v. Municipal Court (1979) 25 Cal.3d 238 [158 Cal.Rptr. 330, 599 P.2d 636], and the Supreme Court’s interpretation of lewd or dissolute therein must apply.
We hold to the contrary. In Pryor, supra, the Supreme Court construed Penal Code section 647, subdivision (a) only. In doing so, it construed that section to prohibit only the solicitation or commission of conduct in a public place or one open to the public or exposed to public view, which involves the touching of the genitals, buttocks or female breast, for purposes of sexual arousal, gratification, annoyance or offense, by a person who knows or should know of the presence of persons who may be offended by the conduct. It specifically held: “...[W]e adopt a limited and specific construction consistent with the present function of section 647, subdivision (a), in the California penal statutes; we construe that section to prohibit only the solicitation or commission of conduct in a public place or one open to the public or exposed to *Supp. 3 public view... by a person who knows or should know of the presence of persons who may be offended by the conduct....” {Id., at p. 244.) Penal Code section 647, subdivision (b) disallows solicitation or engaging in an act of prostitution, which includes any lewd act between persons for money or other consideration. It therefore is not limited by reference to public place or view. In Pryor the court was concerned about Penal Code section 647, subdivision (a) involving speech and a chilling of the exercise of the protected First Amendment rights. The court specifically limited solicitation to be that of criminal sexual conduct, and more specifically held that the section prohibited only solicitation which propose the commission of conduct itself banned by section 647, subdivision (a), i.e., lewd or dissolute conduct which occurs in a public place, etc. By thus limiting the statute, the court avoided two substantial constitutional problems, only the first of which applies to section 647, subdivision (b): the probably impossible task of defining with constitutional specificity which forms of private lawful conduct are lewd or dissolute conduct; and the First Amendment issues. By holding that the terms lewd and dissolute refer to sexually motivated conduct, the first constitutional problem was avoided. However, unlike section 647, subdivision (a), which serves the purpose of protecting onlookers who might be offended by the prescribed conduct, section 647, subdivision (b) only precludes solicitation of, or engaging in, a sexually motivated act (touching of the genitals, buttocks, or female breast for the purpose of sexual arousal or gratification for money or other consideration), and does not require knowledge of the presence of persons who may be offended thereby or that a public place or view be involved.
The judgment of conviction is affirmed.
Buttermore, P. J., concurred.