[No. A017927. First Dist., Div. Five. July 10, 1984.]

DOUGLAS BALE, Plaintiff and Appellant, v.
SAN JOSE POLICE DEPARTMENT, Defendant and Respondent.

---

**COUNSEL**

George C. Halversen for Plaintiff and Appellant.

Robert J. Logan, City Attorney, and Robert R. Cimino, Senior Deputy City Attorney, for Defendant and Respondent.

---

**OPINION**

**KING, J.**—In this case we hold that prohibitions against slot machines are inapplicable if the machine, by any reasonable definition, is antique. Providing a statutory defense to prohibitions against slot machines for those which are antique, with no guidelines as to what constitutes an antique slot machine, creates an ambiguous exception to Penal Code prohibitions which must be liberally construed in favor of persons seeking its protection.

Douglas Bale, a partner in A Amusements and Vending (hereafter Amusements), appeals the denial of his motion to recover 31 slot machines seized by the police. San Jose Police Officer Alejandro Cruise observed the premises of Amusements due to law enforcement reports that illegal and stolen slot machines were being transported to San Jose. From the sidewalk, Cruise and another police officer could see slot machines through the front window of Amusements. Cruise entered the premises with several other law enforcement officers and Randy Nikirk, an expert on slot machines. Nikirk inspected the slot machines for three and one-half hours, taking them apart, examining their inside workings, and recording his observations on a tape recorder. Nikirk eventually separated those slot machines he considered antiques from those he considered illegal and the latter were seized by Officer Cruise.

Bale moved for an order to return the seized slot machines, pursuant to Penal Code sections 330.8, 335, 1538.5, and 1539.[1] He claimed the ma-

---

[1]All section references are to the Penal Code, unless otherwise noted.

chines were antiques, whose possession is legal under section 330.7.[2] Following a hearing, the court denied the motion and ordered the machines destroyed under section 335a. We reverse the judgment.

■ Bale contends that section 330.7 is unconstitutionally vague because it does not define the term "antique." Bale argues that subdivision (a)'s conclusive presumption, that slot machines manufactured prior to 1941 are antiques, leaves open the possibility that machines manufactured after 1941 are also antiques. ■ ■■■ Section 330.7 provides no further guidelines defining antiques.[3]

■ The due process clause of the Fourteenth Amendment requires that a criminal statute be declared void if it is so vague that "men of common intelligence must necessarily guess at its meaning and differ as to its application." (*Connally* v. *General Const. Co.* (1926) 269 U.S. 385, 391 [70 L.Ed. 322, 328, 46 S.Ct. 126].) Two rationales underly the void-for-vagueness doctrine. First, it requires that fair warning be given to persons potentially subject to the statute. (*Lanzetta* v. *New Jersey* (1939) 306 U.S. 451, 453 [83 L.Ed. 888, 890, 59 S.Ct. 618].) Second, it shows concern that vague statutes will be subject to arbitrary and discriminatory enforcement. (*Kolender* v. *Lawson* (1983) 461 U.S. 352, 357 [75 L.Ed.2d 903, 909, 103 S.Ct. 1855, 1858]; *Pryor* v. *Municipal Court* (1979) 25 Cal.3d 238, 252 [158 Cal.Rptr. 330, 599 P.2d 636]; see generally LaFave and Scott, Criminal Law (1972) § 11, pp. 83-89.)

The United States Supreme Court recently identified several factors which affect the degree of vagueness that is constitutionally permissible. The law is more tolerant of vagueness in statutes which provide civil penalties in-

[2]Section 330.7 provides that: "(a) It shall be a defense to any prosecution under this chapter relating to slot machines, as defined in subdivision (2) of Section 330b, if the defendant shows that the slot machine is an antique slot machine and was not operated for gambling purposes while in the defendant's possession. For the purposes of this section, a slot machine shall be conclusively presumed an antique slot machine if it was manufactured prior to 1941.

"(b) Notwithstanding Section 335a, whenever the defense provided by subdivision (a) is offered, no slot machine seized from any defendant shall be destroyed or otherwise altered until after a final court determination that such defense is not applicable. If the defense is applicable, any such slot machine shall be returned pursuant to provisions of law providing for the return of property.

"(c) It is the purpose of this section to protect the collection and restoration of antique slot machines not presently utilized for gambling purposes because of their aesthetic interest and importance in California history."

[3]The police department claims we cannot hear this constitutional vagueness challenge because it was not raised in the hearing below. While Bale filed no explicit motion to declare section 330.7 unconstitutional, he raised the issue of unconstitutional vagueness several times in oral arguments. The trial court's memorandum of decision held that section 330.7 was "clear" and "unambiguous." The issue was adequately raised below.

stead of criminal penalties. (*Hoffman Estates* v. *Flipside, Hoffman Estates* (1982) 455 U.S. 489, 498-499 [71 L.Ed.2d 362, 371-372, 102 S.Ct. 1186].) A law's vagueness may be mitigated by a scienter requirement. (*Id.,* at p. 499 [71 L.Ed.2d at p. 372].) Finally, more clarity is required in laws which may interfere with the exercise of constitutionally protected rights. (*Ibid.*)

■■ These factors favor neither strict nor lenient review of section 330.7, which provides a defense to criminal prosecution and civil seizure. Section 330.7 does not restrict the exercise of any constitutionally protected right. On the other hand, it contains no scienter requirement. One who honestly believes his or her slot machine is "antique" is handicapped in claiming the defense provided in subdivisions (a) and (b) by virtue of a lack of statutory guidelines as to what constitutes an antique slot machine. Since the definition of "antique" in section 330.7 affects defenses against both criminal penalties (fines or jail terms under § 330.1) and civil penalties (destruction of slot machines under § 335a), our ruling in this civil proceeding must also affect defenses to criminal prosecutions.

■■ To evaluate the vagueness claim, we "look first to the language of the statute, then to its legislative history, and finally to California decisions construing the statutory language. [Citations.]" (*Pryor* v. *Municipal Court, supra,* 25 Cal.3d at p. 246.) ■■ Section 330.7 provides no definition of the term "antique." The word "antique" has no established legal meaning. Definitions of "antique" include "belonging to earlier periods," "exhibiting the style or fashion of ancient or former times," "old-fashioned," and "ancient." (Webster's New Internat. Dict. (3d ed. 1966) p. 96.) These definitions do not provide clear guidelines for judges, law enforcement officers, or citizens to determine if possession of a specific slot machine is prohibited or allowed.

Respondent claims the legislative history of section 330.7 shows the Legislature's intent that "antique" be defined as "manufactured prior to 1941." During hearings, the Senate removed a provision which explicitly stated that slot machines manufactured after 1941 could be shown to be antiques (8 Sen. J. (1975-1976 Reg. Sess.) p. 15557.) While the Legislature may have intended to define "antique" explicitly, it only provided a conclusive presumption which states one way of satisfying the "antique" requirement, but provides neither a definition nor an exclusive definition of "antique."[4] There are no California cases interpreting section 330.7.

---

[4]Most states which provide antique slot machine exceptions to gambling laws define an antique slot machine explicitly as a machine built prior to a specified date. (See Fla. Stat. Ann. § 849.235 (Supp. 1984); Ill. Ann. Stat. ch. 38, § 28-1(b) (Supp. 1984-1985); Mo. Rev. Stat. § 572.125 (1979); Ore. Rev. Stat. § 167.147(3) (1983); Pa. Stat. Ann. tit. 18,

The testimony of the police department's expert witness demonstrates the vagueness of section 330.7. Randy Nikirk deemed one of the seized machines a "reproduction" of an older machine. Regarding another machine, Nikirk testified that 50 percent of the parts were new and 50 percent were made between 1932 and 1963. While neither of these machines come within the conclusive presumption of subdivision (a), they might come within a reasonable definition of "antique." Section 330.7 provides no standard by which a court can rule that a machine is or is not antique, thus we find it to be unconstitutionally vague.

It would be counterproductive for us to void section 330.7 because, although it is vague, it does not proscribe conduct as illegal, but provides a defense to otherwise illegal conduct. By voiding this *defense,* we would leave all antique slot machine owners vulnerable to prosecution under other sections of the Penal Code and defeat the legislative purpose set forth in section 330.7, subdivision (c). Another alternative we reject is nullifying *all* prohibitions against slot machine ownership until the Legislature acts to clarify the antique slot machine defense. This alternative is inappropriate because the antique slot machine defense is not an integral part of California's gambling laws. The general prohibitions against slot machines were passed over 30 years ago (Stats. 1911, ch. 483, § 1, p. 951; Stats. 1950, First Ex. Sess. 1950, chs. 17-18, pp. 452-456), while the antique slot machine defense was only added in 1976. (Stats. 1976, ch. 936, § 1, p. 2144.) A finding that section 330.7 is unconstitutionally vague does not necessarily implicate these older prohibitions. (Cf. *State* v. *Hill* (1962) 189 Kan. 403 [369 P.2d 365, 91 A.L.R.2d 750] [invalidating entire Sunday closing law because unconstitutionally vague exceptions were integral to the closing law].)

We therefore treat section 330.7 as an ambiguous exception to a penal statute; it must be construed liberally in favor of persons seeking its protections. (82 C.J.S. Statutes, § 382, p. 893.) Liberal construction requires courts to consider whether slot machines built after 1941 could reasonably fall within the scope of section 330.7. Until the Legislature eliminates section 330.7 or provides a definition of "antique," courts must grant motions to dismiss civil seizures and criminal prosecutions, and for a return of such machines, by any party whose slot machine comes under either the section's conclusive presumption or any reasonable definition of "antique" as applied to slot machines and is not being utilized for gambling purposes.[5] We be-

---

§ 5513(c); Tex. Penal Code Ann. § 47.06(c) (Supp. 1984).) Washington solely provides a conclusive presumption like California. (Wash. Rev. Code Ann. § 9.46.235 (Supp. 1984-1985).)

[5]Subdivision (a)'s conclusive presumption, which classifies 43-year-old machines as antiques, exceeds common or ordinary definitions of "antique." To construe "antique" broadly, courts must accept any reasonable definition.

lieve this approach is consistent with and carries out the legislative purpose expressed in section 330.7, subdivision (c), "to protect the collection and restoration of antique slot machines . . . because of their aesthetic interest and importance in California history." Since even slot machines conclusively presumed to be antique under the statute are illegal if utilized for gambling purposes, there is no reason for concern that our disposition in this case will open a loophole sanctioning illegal gambling.

Due to our disposition of this issue, we do not address appellant's remaining arguments. The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

Low, P. J., and Haning, J., concurred.