[No. B014010. Second Dist., Div. Four. Sept. 6, 1985.]

THE PEOPLE, Plaintiff and Appellant, v.
JOSE LUIS SOTO, Defendant and Respondent.

COUNSEL

Ira Reiner, District Attorney, Harry B. Sondheim, Donald J. Kaplan and George M. Palmer, Deputy District Attorneys, for Plaintiff and Appellant.

Jay M. Kohorn for Defendant and Respondent.

Joan W. Howarth, Robert Black, Paul Hoffman and Mark Rosenbaum as Amici Curiae on behalf of Defendant and Respondent.

OPINION

**McCLOSKY, Acting P. J.**—In a complaint, respondent Jose Luis Soto was charged with violating Penal Code section 647,[1] which provides: "Every person who commits any of the following acts is guilty of disorderly conduct, a misdemeanor: [¶] . . . . [¶] (d) Who loiters in or about any toilet open to the public for the purpose of engaging in or soliciting any lewd or lascivious or any unlawful act."

The municipal court sustained respondent's demurrer to the complaint on two federal constitutional grounds. That court found that section 647, subdivision (d) encourages "arbitrary and erratic arrest and convictions" and, therefore, is unconstitutionally vague in violation of the due process clause of the Fourteenth Amendment and that section 647, subdivision (d) invites arrests without probable cause in violation of the Fourth Amendment which guarantees the right of people to be free from unreasonable searches and seizures. The trial court expressly declared that it was making no ruling on the numerous other issues that had been raised by respondent in his demurrer.

Having sustained the demurrer, the trial court, on respondent's motion, dismissed the complaint.

The prosecution then appealed the order of dismissal to the appellate department of the superior court pursuant to section 1466, subdivision 1(b) (currently § 1466, subd. (a)(2)). Said order was affirmed in an opinion certified for publication on the sole ground that section 647, subdivision (d) was unconstitutionally vague on its face because it encouraged arbitrary and discriminatory enforcement practices in violation of the Fourteenth Amendment to the United States Constitution.

---

[1]All statutory references herein are to the Penal Code.

Pursuant to California Rules of Court, rule 62(a), we ordered the cause transferred to this court in order to secure uniformity of decision and to settle important questions of law. We thus proceed to determine whether section 647, subdivision (d) is constitutionally infirm.

■ We first decide whether section 647, subdivision (d) is unconstitutionally vague in violation of the due process clauses of the Fourteenth Amendment to the United States Constitution and its state counterpart, article I, section 15 of the California Constitution. While we are cognizant that neither the trial court nor the appellate department of the superior court rested its decision on state constitutional grounds, we may properly do so because respondent in his demurrer urged that section 647, subdivision (d) violated state notions of due process.

Article I, section 15 of the California Constitution and the Fourteenth Amendment to the United States Constitution, guarantee that no person shall be deprived of life, liberty or property without due process of law.

■ Our nation's high court has explained: "It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined. Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application. . . ." (*Grayned* v. *City of Rockford* (1972) 408 U.S. 104, 108-109 [33 L.Ed.2d 222, 227-228, 92 S.Ct. 2294]; fn. omitted.)

Our state's high court has observed that "it is established that due process requires a statute to be definite enough to provide (1) a standard of conduct for those whose activities are proscribed and (2) a standard for police enforcement and for ascertainment of guilt. [Citations.]" (*Burg* v. *Municipal Court* (1983) 35 Cal.3d 257, 269 [198 Cal.Rptr. 145, 673 P.2d 732], fn. omitted, app. dism. and cert. den. (1984) 466 U.S. 967 [80 L.Ed.2d 812, 104 S.Ct. 2337].) With regard to this second component, our state's high court has declared that "vague statutory language . . . creates the danger that police, prosecutors, judges and juries will lack sufficient standards to reach their decisions, thus opening the door to arbitrary or discriminatory enforcement of the law." (*Pryor* v. *Municipal Court* (1979) 25 Cal.3d 238,

252 [158 Cal.Rptr. 330, 599 P.2d 636], citing *In re Newbern* (1960) 53 Cal.2d 786 [3 Cal.Rptr. 364, 350 P.2d 116].)

In his demurrer, respondent maintained that section 647, subdivision (d) violated both of these components of the "void for vagueness" doctrine in that it failed to give adequate notice of the conduct proscribed and it encouraged arbitrary enforcement. He has apparently abandoned his "notice" challenge on appeal, having stated in his brief that "[t]he statute *is not vague* as to the ultimate conduct to be performed. That is certain." (Italics in original.) Accordingly, in the matter before us we need only decide whether section 647, subdivision (d) on its face encourages arbitrary and discriminatory enforcement practices in contravention of constitutional principles of due process.[2] We focus our inquiry on "the adequacy of standards or guidelines for the law's application." (*People* v. *Nguyen* (1984) 161 Cal.App.3d 687, 692 [207 Cal.Rptr. 870].)

In *Kolender* v. *Lawson* (1983) 461 U.S. 352 [75 L.Ed.2d 903, 103 S.Ct. 1855], the United States Supreme Court struck down subdivision (e) of section 647, on the ground that it is "unconstitutionally vague on its face because it encourages arbitrary enforcement by failing to describe with sufficient particularity what a suspect must do in order to satisfy the statute." (*Id.*, at p. 361 [75 L.Ed.2d at p. 911]; fn. omitted.)

Between March 1975 and January 1977, Lawson had been detained or arrested approximately 15 times pursuant to section 647, subdivision (e) which, during that period, provided:

"Every person who commits any of the following acts is guilty of disorderly conduct, a misdemeanor;

" . . . . . . . . . . . . . . . . . . . . . .

"(e) Who loiters or wanders upon the streets or from place to place without apparent reason or business and who refuses to identify himself and to account for his presence when requested by any peace officer so to do, if the surrounding circumstances are such as to indicate to a reasonable man that the public safety demands such identification."

In its discussion of the "void for vagueness" doctrine, the *Kolender* court commented: "Although the doctrine focuses both on actual notice to citizens

---

[2]Respondent has standing to challenge on vagueness grounds enforcement infirmities that appear on the face of section 647, subdivision (d). (See *Gates* v. *Municipal Court* (1982) 135 Cal.App.3d 309, 316 [185 Cal.Rptr. 330].)

and arbitrary enforcement, we have recognized recently that the more important aspect of the vagueness doctrine 'is not actual notice, but the other principal element of the doctrine—the requirement that a legislature establish minimal guidelines to govern law enforcement.' [Citation.] Where the legislature fails to provide such minimal guidelines, a criminal statute may permit 'a standardless sweep [that] allows policemen, prosecutors, and juries to pursue their personal predilections.' [Citation.]" *(Kolender* v. *Lawson, supra,* 461 U.S. at pp. 357-358 [75 L.Ed.2d at p. 909]; fn. omitted.

Noting that section 647, subdivision (e) had been construed by the Court of Appeal in *People* v. *Solomon* (1973) 33 Cal.App.3d 429 [108 Cal.Rptr. 867], cert. den., *Solomon* v. *California* (1974) 415 U.S. 951 [39 L.Ed.2d 567, 94 S.Ct. 1476], as requiring "that an individual provide 'credible and reliable' identification when requested by a police officer who has reasonable suspicion of criminal activity sufficient to justify a *Terry* detention" *(Kolender* v. *Lawson, supra,* 461 U.S. at pp. 355-356 [75 L.Ed.2d at p. 908], fn. omitted), the *Kolender* court noted that "[s]ection 647(e), as presently drafted and as construed by the state courts, contains no standard for determining what a suspect has to do in order to satisfy the requirement to provide a 'credible and reliable' identification. As such, that statute vests virtually complete discretion in the hands of the police to determine whether the suspect has satisfied the statute and must be permitted to go on his way in the absence of probable cause to arrest. An individual, whom police may think is suspicious but do not have probable cause to believe has committed a crime, is entitled to continue to walk the public streets 'only at the whim of any police officer' who happens to stop that individual under § 647(e). [Citation.]" *(Kolender* v. *Lawson, supra,* 461 U.S. at p. 358 [75 L.Ed.2d at p. 909].)

The *Kolender* court further stated "[i]t is clear that the full discretion accorded to the police to determine whether the suspect has provided a 'credible and reliable' identification necessarily 'entrust[s] lawmaking "to the moment-to-moment judgment of the policeman on his beat."' [Citation.] Section 647(e) 'furnishes a convenient tool for "harsh and discriminatory enforcement by local prosecuting officials, against particular groups deemed to merit their displeasure,"' [citation], and 'confers on police a virtually unrestrained power to arrest and charge persons with a violation.' [Citation.] In providing that a detention under § 647(e) may occur only where there is the level of suspicion sufficient to justify a *Terry* stop, the State ensures the existence of 'neutral limitations on the conduct of individual officers.' [Citation.] Although the initial detention is justified, the State fails to establish standards by which the officers may determine whether the suspect has complied with the subsequent identification requirement." *(Kolender* v. *Lawson, supra,* 461 U.S. at pp. 360-361 [75 L.Ed.2d at p. 911].)

We shall conclude that section 647, subdivision (d) on its face also encourages arbitrary and discriminatory enforcement and therefore does not comport with principles of due process.

Section 647, subdivision (d) prohibits loitering "in or about any toilet open to the public for the purpose of engaging in or soliciting any lewd or lascivious or any unlawful act."

Section 647, subdivision (a) makes it a crime to engage in or to solicit anyone to engage in "lewd or dissolute conduct in any public place or in any place open to the public or exposed to public view."

In *Pryor* v. *Municipal Court* (1979) 25 Cal.3d 238 [158 Cal.Rptr. 330, 599 P.2d 636], the California Supreme Court held that the terms "lewd" and "dissolute" as used in subdivision (a) of section 647 are synonymous and refer to sexually motivated conduct (25 Cal.3d at p. 255). We similarly conclude that the terms "lewd" and "lascivious" as used in subdivision (d) of section 647 are also synonymous and refer to sexually motivated conduct. Inasmuch as a person who is convicted of violating section 647, subdivision (d) must register as a sex offender pursuant to section 290, it is clear that section 647, subdivision (d) "does not presently serve the function of controlling nonsexual conduct." (*Pryor* v. *Municipal Court, supra,* 25 Cal.3d at p. 255.) Accordingly, the term "unlawful act" as it is utilized in subdivision (d) of section 647 also must necessarily be construed as referring to sexually motivated conduct that can be described as "lewd or lascivious."

We hold then that the phrase "lewd or dissolute conduct" (§ 647, subd. (a)) and the phrase "lewd or lascivious or any unlawful act" (§ 647, subd. (d)) are, in the 647 context, synonymous and characterize identical conduct. From this holding it follows that section 647, subdivision (d) is violated by a person who loiters in or about a public restroom with the specific intent of violating section 647, subdivision (a).

In *Pryor,* our state Supreme Court insulated section 647, subdivision (a) from a successful vagueness challenge by construing it as follows: "The terms 'lewd' and 'dissolute' in this section are synonymous, and refer to conduct which involved the touching of the genitals, buttocks, or female breast for the purpose of sexual arousal, gratification, annoyance or offense, if the actor knows or should know of the presence of persons who may be offended by his conduct. The statute prohibits such conduct only if it occurs in any public place or in any place open to the public or exposed to public view; it further prohibits the solicitation of such conduct to be performed in any public place or in any place open to the public or exposed to public

view." (*Pryor* v. *Municipal Court, supra,* 25 Cal.3d at pp. 256-257; fn. omitted.)

The *Pryor* court went on to explain: "Under the construction we have established in this opinion, section 647, subdivision (a), prohibits only the solicitation or commission of a sexual touching, done with specific intent when persons may be offended by the act. It does not impose vague and far-reaching standards under which the criminality of an act depends upon the moral views of the judge or jury, does not prohibit solicitation of lawful acts, and does not invite discriminatory enforcement. We are confident that the statute, as so construed, is not unconstitutionally vague." (*Pryor* v. *Municipal Court, supra,* 25 Cal.3d at p. 257.)

■ Reading section 647, subdivision (d) in light of *Pryor,* then, before a police officer can arrest an individual for violating section 647, subdivision (d), the police officer must determine that the person is loitering in or near a public restroom with the specific intent to solicit or engage in conduct proscribed by section 647, subdivision (a) as defined in *Pryor.*

■ Fatally absent from section 647, subdivision (d), however, are objective criteria to guide an officer's decision making process with regard to the criminality of an actor's conduct. Hence, discretion to determine the actor's intent or "purpose" rests solely within the subjective thought processes of police officers who are free at whim to decide in each case whether the requisite intent to engage in or to solicit "any lewd or lascivious or any unlawful act" accompanies the act of loitering in or about a public restroom and ultimately whether a person is to be arrested or allowed to walk away. Section 647, subdivision (d) further permits judges and juries who might widely differ to find criminal intent without the guidance of objective predictors. This unfettered discretion clearly offends California and United States constitutional concepts of due process of law for it permits the criminality of conduct to be measured "by community or even individual notions of what is distasteful behavior." (*Pryor* v. *Municipal Court, supra,* 25 Cal.3d at p. 252.)

"Where, as here, there are no standards governing the exercise of the discretion granted by the ordinance, the scheme permits and encourages an arbitrary and discriminatory enforcement of the law. It furnishes a convenient tool for 'harsh and discriminatory enforcement by local prosecuting officials, against particular groups deemed to merit their displeasure.'" (*Papachristou* v. *City of Jacksonville* (1972) 405 U.S. 156, 170 [31 L.Ed.2d 110, 120, 92 S.Ct. 839], quoting *Thornhill* v. *Alabama* (1940) 310 U.S. 88, 97-98 [84 L.Ed. 1093, 1100, 60 S.Ct. 736].) It also " 'confers on police a virtually unrestrained power to arrest and charge persons with a viola-

tion.'" (*Kolender* v. *Lawson, supra,* 461 U.S. at p. 360 [75 L.Ed.2d at p. 911], quoting *Lewis* v. *City of New Orleans* (1974) 415 U.S. 130, 135 [39 L.Ed.2d 214, 220, 94 S.Ct. 970].)

Because the language of section 647, subdivision (d) invites and promotes arbitrary and discriminatory enforcement of a penal statute, it does not conform to state or federal requirements of due process. ■ Before we may declare section 647, subdivision (d) to be unconstitutionally vague, we must determine if section 647, subdivision (d) can be interpreted to preserve its validity, for "[i]f by fair and reasonable interpretation we can construe section 647, subdivision [(d)], to sustain its validity, we must adopt such interpretation . . . ." (*Pryor* v. *Municipal Court, supra,* 25 Cal.3d at p. 253.)

"The judiciary bears an obligation to 'construe enactments to give specific content to terms that might otherwise be unconstitutionally vague.'" (*Pryor* v. *Municipal Court, supra,* 25 Cal.3d at p. 253, quoting *Associated Home Builders etc., Inc.* v. *City of Livermore* (1976) 18 Cal.3d 582, 598 [135 Cal.Rptr. 41, 557 P.2d 473, 92 A.L.R.3d 1038].) Moreover, "'[a] statute will not be held void for uncertainty if any reasonable and practical construction can be given its language.'" (*Pryor* v. *Municipal Court, supra,* 25 Cal.3d at p. 253, quoting *American Civil Liberties Union* v. *Board of Education* (1963) 59 Cal.2d 203, 218 [58 Cal.Rptr. 700, 379 P.2d 4], cert. den., 375 U.S. 823 [11 L.Ed.2d 56, 84 S.Ct. 64].)

■ Since the intent to solicit or engage in lewd or lascivious or dissolute conduct cannot be objectively inferred from the mere act of being in or about a public restroom for an inordinate amount of time, to preserve the viability of section 647, subdivision (d), it would be essential to require an overt act distinct from the act of lingering from which the intent to engage in or solicit conduct proscribed by section 647, subdivision (a) could rationally and objectively be inferred.

The intent to solicit or engage in conduct proscribed by section 647, subdivision (a) can most easily be inferred when a person who loiters in or about a public restroom with no apparent purpose actually solicits or engages in such conduct. In such an instance, however, that person has violated section 647, subdivision (a). Moreover, since it is clear that the Legislature's intent in enacting section 647, subdivision (d) was to "nip crime in the bud," that intent would not be furthered by requiring the actual solicitation of or engaging in proscribed conduct in order to establish a violation of section 647, subdivision (d). In fact, such a requirement would, for all intents and purposes, render section 647, subdivision (d) meaningless.

In order to be consistent with, and hence further, the intent of the Legislature to "nip crime in the bud," an overt act reflective of the intent to commit a violation of section 647, subdivision (a) but which does not amount to a violation of that subdivision, would be required. We have been unable to articulate any overt act sufficient to invoke the operation of section 647, subdivision (d), which act is not itself a violation of other penal statutes. For this reason, 647, subdivision (d) is unnecessary. We, therefore, hold that section 647, subdivision (d) is unconstitutionally vague in contravention of the due process clauses of article I, section 15 of the California Constitution and the Fourteenth Amendment to the United States Constitution. "[O]ur first referent is [of course] California law . . . ." (*People* v. *Longwill* (1975) 14 Cal.3d 943, 951, fn. 4 [123 Cal.Rptr. 297, 538 P.2d 753], disapproved in part on other grounds in *People* v. *Laiwa* (1983) 34 Cal.3d 711, 728 [195 Cal.Rptr. 503, 669 P.2d 1278]; see also *People* v. *Brisendine* (1975) 13 Cal.3d 528, 549-551 [119 Cal.Rptr. 315, 531 P.2d 1099].)

■ We additionally hold that section 647, subdivision (d) violates article IV, section 16, subdivision (a) of the California Constitution which provides: "All laws of a general nature have uniform operation." "That provision will not tolerate a criminal law so lacking in definition that each defendant is left to the vagaries of individual judges and juries." (*In re Newbern, supra,* 53 Cal.2d 786, 797.)

In light of our holdings we need not, and do not, decide whether section 647, subdivision (d) violates the First and Fourth Amendments or any other constitutional guarantees. Moreover, since respondent has not been convicted of a violation of section 647, subdivision (d) and is not subject to registration pursuant to section 290, the sex registration law, his attack on the constitutionality of section 290 is premature. (*Pryor* v. *Municipal Court, supra,* 25 Cal.3d at p. 257, fn. 14.)

The order of dismissal is affirmed.

Nelson, J.,* concurred.

**ARGUELLES, J.**—I concur in the decision to affirm the order of dismissal on the ground that section 647, subdivision (d) is unconstitutionally vague. This result appears compelled by the recent pronouncement of our nation's Supreme Court in *Kolender* v. *Lawson* (1983) 461 U.S. 352 [75 L.Ed.2d 903, 103 S.Ct. 1855]. Writing for a seven-person majority, Justice O'Connor found section 647, subdivision (e) "unconstitutionally vague on its face

---

*Assigned by the Chairperson of the Judicial Council.

because it encourages arbitrary enforcement by failing to describe with sufficient particularity what a suspect must do in order to satisfy the statute." (*Id.*, at p. 361 [75 L.Ed.2d at p. 911]; fn. omitted.) The court emphasized that the crucial safeguard from arbitrary and discriminatory enforcement is the establishment of " 'minimal guidelines to govern law enforcement.' " Stated otherwise, the issue is whether the statute vests overbroad discretion in the arresting officer. (*Id.*, at p. 358 [75 L.Ed.2d at p. 909].)

The nagging problem with section 647, subdivision (d) is that, despite our scrutiny, it fails to provide any concrete guidelines for a law enforcement officer to ascertain when and under what circumstances he may properly arrest for loitering in a public restroom with the specific intent ("purpose") to solicit or engage in the prohibited conduct. A trained police officer may have a good intuition as to who is loitering for that purpose, and, indeed, certain behavior may amount to some circumstantial evidence of the prohibited intent. However, as ascertained from *Kolender* v. *Lawson, supra*, 461 U.S. 352, even such uncertainty as the Supreme Court found in the term "credible and reliable" identification is sufficient to invalidate a statute on the ground that it permits arbitrary enforcement. Loitering with a prohibited "purpose" proves even more difficult to define in terms of specific behavior.[1]

Our research has disclosed two decisions involving statutes prohibiting loitering for the purpose of prostitution, which are helpful and persuasive in the analysis of the present case.

In *Gates* v. *Municipal Court* (1982) 135 Cal.App.3d 309 [185 Cal.Rptr. 330], the First District of this state's Court of Appeal concluded that a local ordinance prohibiting loitering for the purpose of soliciting an act of prostitution, by a person known to be a prostitute or panderer, was void on its face because it permitted arbitrary enforcement. By contrast, in *People* v. *Smith* (1978) 44 N.Y.2d 613 [407 N.Y.S.2d 462, 378 N.E.2d 1032], the New York Court of Appeals upheld a statute prohibiting loitering in a public place by one who "repeatedly beckons to, or repeatedly stops, or repeatedly attempts to stop, or repeatedly attempts to engage passers-by in conversation, or repeatedly stops or attempts to stop motor vehicles, or repeatedly interferes with the free passage of other persons" for the purpose of prostitution, because the statute was sufficiently specific about what acts would constitute circumstantial evidence of the specific intent to engage in acts of

---

[1]Our efforts to describe conduct which would constitute circumstantial evidence of loitering with the prohibited purpose have been hindered in the case at bench because the record fails to contain any information about respondent's behavior which led to his arrest. However, the case properly comes before us on appeal from the sustaining of a demurrer on the ground that the statute was unconstitutional on its face.

prostitution. (*Id.*, 407 N.Y.S.2d at p. 466.) Section 647, subdivision (d), like the local ordinance in *Gates* v. *Municipal Court, supra,* 135 Cal.App.3d 309, and unlike the statute in *People* v. *Smith, supra,* 407 N.Y.S.2d 462, does not set forth or describe conduct.

"The judiciary bears an obligation to 'construe enactments to give specific content to terms that might otherwise be unconstitutionally vague.' " (*Pryor* v. *Municipal Court* (1979) 25 Cal.3d 238, 253 [158 Cal.Rptr. 330, 599 P.2d 636], quoting *Associated Home Builders, etc., Inc.* v. *City of Livermore* (1976) 18 Cal.3d 582 at p. 598 [135 Cal.Rptr. 41, 557 P.2d 473, 92 A.L.R.3d 1038].) If any fair and reasonable interpretation of a challenged statute can sustain the constitutional validity of that statute, a reviewing court must adopt this interpretation. (*Pryor* v. *Municipal Court, supra,* 25 Cal.3d at p. 253; *Braxton* v. *Municipal Court* (1973) 10 Cal.3d 138, 144-145 [109 Cal.Rptr. 897, 514 P.2d 697].) However, such attempts at interpretation may not be extended so as to engage in the strained process of creating previously nonexistent provisions in a criminal statute.

Section 647, subdivision (d) was intended to serve the useful social objective of preventing loitering by those with lewd or lascivious motives in the limited and confined area in or near public restrooms, thus reserving the restrooms for the basic purpose for which they were constructed. All persons who must use the public facilities often, including the elderly, the infirm, and young children, have the need for and right to expect such protection. However, the deterrence of socially prohibited activities in public restrooms can be met by enforcement of existing sections 647, subdivision (a) (prohibiting commission or solicitation of a lewd act), section 314 (prohibiting indecent exposure), and similar statutes which prohibit specific conduct.