[No. C035985. Third Dist. May 3, 2001.]

THE PEOPLE, Plaintiff and Respondent, v.
THOMAS ROBERT BUSH, Defendant and Appellant.

## COUNSEL

Eleanor M. Kraft, by appointment of the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, John A. O'Sullivan and Charles A. French, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**SIMS, J.**—On the evening of September 16, 1997, Officer Gary Deming of the Oroville Police Department stopped a vehicle because the vehicle had no registration stickers on the rear license plate.

Defendant Thomas Robert Bush was the driver and sole occupant of the car. Officer Deming radioed the dispatcher to check the vehicle registration and defendant's license. Deming learned that the registration was not current and that defendant's license had been suspended. Additionally, the dispatcher advised Deming that defendant "had a history of violence, possession of weapons and was reported to be a kick-boxer." Unbeknownst to Officer Deming, the dispatcher relied on computer records citing an alert *from September 15, 1991*, that indicated defendant "HAS HISTORY OF 12021/ 12025 PC, VERY VIOLENT, KICK BOXER." The trial court found that Deming "was given the impression this was a current item on the report."

After another officer arrived, and because Deming was concerned for his safety, Deming had defendant get out of the car.

Deming was concerned that defendant might have a weapon so he looked inside the passenger compartment of defendant's car. Directly underneath the driver's seat, Deming found a loaded handgun. At that point, Deming arrested defendant for possession of a concealed firearm in a motor vehicle. (Pen. Code, § 12025, subd. (a)(1).) A search of defendant's person incident to arrest led to the discovery of unlawful narcotics.

Defendant made a motion to suppress evidence (Pen. Code, § 1538.5), and the trial court denied it, reasoning, as pertinent, that the officer acted reasonably in searching the passenger compartment of defendant's car.

Following a bench trial, defendant was convicted of a variety of offenses.[1]

On appeal, defendant challenges only the denial of his motion to suppress.[2] Specifically, he contends the officer's search of the passenger compartment of defendant's car was unlawful.

For reasons we shall explain, we disagree with defendant. We shall therefore affirm the judgment.

## DISCUSSION

■ "The standard of appellate review of a trial court's ruling on a motion to suppress is well established. We defer to the trial court's factual findings, express or implied, where supported by substantial evidence. In determining whether, on the facts so found, the search or seizure was reasonable under the Fourth Amendment, we exercise our independent judgment. [Citations.]" (*People v. Glaser* (1995) 11 Cal.4th 354, 362 [45 Cal.Rptr.2d 425, 902 P.2d 729].)

■ "Pursuant to article I, section 28, of the California Constitution, a trial court may exclude evidence under Penal Code section 1538.5 only if exclusion is mandated by the federal Constitution. [Citation.]" (*People v. Banks* (1993) 6 Cal.4th 926, 934 [25 Cal.Rptr.2d 524, 863 P.2d 769].)

In *Michigan v. Long* (1983) 463 U.S. 1032 [103 S.Ct. 3469, 77 L.Ed.2d 1201], the United States Supreme Court held that an officer effecting a traffic stop of a vehicle could constitutionally search portions of the passenger compartment of the vehicle, without a warrant, in certain circumstances. The high court said: "Our past cases indicate then that protection of police and others can justify protective searches when police have a reasonable belief that the suspect poses a danger, that roadside encounters between police and suspects are especially hazardous, and that danger may arise from the possible presence of weapons in the area surrounding a suspect. These principles compel our conclusion that the search of the passenger compartment of an automobile, limited to those areas in which a weapon may be

---

[1]These were: possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)); possession of methamphetamine for sale (Health & Saf. Code, § 11378); possession of a concealed firearm in a vehicle by a convicted felon (Pen. Code, § 12025, subd. (a)(1)); carrying a loaded firearm in a vehicle (Pen. Code, § 12031, subd. (a)); and possession of a firearm by a convicted felon (Pen. Code, § 12021, subd. (a)(1)). For several offenses, the court stayed imposition of sentence pursuant to Penal Code section 654. Including relevant sentence enhancements, defendant received an aggregate term of imprisonment of eight years.

[2]Defendant may challenge the denial of his motion to suppress upon an appeal from the judgment of conviction. (Pen. Code, § 1538.5, subd. (m).)

placed or hidden, is permissible if the police officer possesses a reasonable belief based on 'specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant' the officer in believing that the suspect is dangerous and the suspect may gain immediate control of weapons." (*Id.* at p. 1049 [103 S.Ct. at pp. 3480-3481, 77 L.Ed.2d at pp. 1219-1220].)

■ The rule applies even where a defendant is outside his car and nominally under the control of law enforcement officers. (See *Michigan v. Long, supra,* 463 U.S. at pp. 1051-1052 [103 S.Ct. at pp. 3481-3482, 77 L.Ed.2d at pp. 1221-1222].)

■ Here, the "specific and articulable facts" justifying Officer Deming's search of the area underneath the driver's seat are found in information conveyed by the dispatcher to Deming that defendant "had a history of violence [and] possession of weapons."

Defendant argues that the officer was not entitled to rely on the information because, in fact, the information was six years old.[3]

We will assume for the sake of argument that defendant is entitled to undercut the legality of the search by relying on information actually known by the dispatcher even though it was not communicated to Officer Deming in the field. (See *Whiteley v. Warden* (1971) 401 U.S. 560 [91 S.Ct. 1031, 28 L.Ed.2d 306]; cf. *Arizona v. Evans* (1995) 514 U.S. 1 [115 S.Ct. 1185, 131 L.Ed.2d 34].)

In fact, most of the information known to the dispatcher corroborated what was reported to Officer Deming. Thus, the computer alert known to the dispatcher reported that defendant "has history of 12021/12025 P.C." These statutes define, respectively, the crimes of convicted felon in possession of a firearm and possession of a concealed weapon. In addition, the computer

---

[3]Defendant also contends on appeal that the dispatch information was inaccurate. However, in the trial court, defendant did not challenge the accuracy of the computer records that the dispatcher relied on, nor did defendant specifically argue that the information was objectionable because the original source of the information had not been established. Rather, defendant focused his argument on the fact that the information was dated. Defendant argued there were insufficient "specific and articulable facts" that defendant was armed and presently dangerous, asserting that "a seven-year-old [*sic*] dispatch with no intervening information doesn't meet that standard." Consequently, issues pertaining to the reliability and source of the computer information have not been sufficiently preserved for appeal. (See *People v. Williams* (1999) 20 Cal.4th 119, 136 [83 Cal.Rptr.2d 275, 973 P.2d 52]; *People v. Rogers* (1978) 21 Cal.3d 542, 547-548 [146 Cal.Rptr. 732, 579 P.2d 1048].) It would be inappropriate and unfair to reach these issues since the prosecution did not have sufficient opportunity to litigate them in the trial court. (*Williams, supra,* at p. 136.)

record reported that defendant was "very violent." We daresay that this is precisely the kind of information that would justify an officer in the field in searching under the front seat of a vehicle for weapons.

The question remains whether the information had to be entirely discounted because it was six years old. We conclude it did not.

In our job as appellate court judges, we have been called upon to review hundreds upon hundreds of criminal convictions. Our experience has led us to the conclusion that, unfortunately, felons convicted of illegal weapons offenses often later carry concealed weapons, and they do so more than six years after an initial conviction. Moreover, while some persons who are "very violent" reform such tendencies, many, many others do not. The information possessed by the dispatcher was not unreasonably stale. That information provided "specific and articulable facts" which reasonably warranted the officer in believing that defendant was dangerous and could gain immediate control of weapons. (*Michigan v. Long, supra,* 463 U.S. at p. 1049 [103 S.Ct. at pp. 3480-3481, 77 L.Ed.2d at p. 1220].)

Defendant contends this result "suggests that anyone who has any criminal history, even one that is a number of years in the past, can be searched at any time based upon that past history." In this case, we have no occasion to determine whether this is so. This case is about a search underneath the front seat of a car by an officer effecting a traffic stop and about information that was six years old. ■ " 'It is axiomatic that cases are not authority for propositions not considered.' " (*In re Marriage of Cornejo* (1996) 13 Cal.4th 381, 388 [53 Cal.Rptr.2d 81, 916 P.2d 476], quoting *People v. Gilbert* (1969) 1 Cal.3d 475, 482, fn. 7 [82 Cal.Rptr. 724, 462 P.2d 580].)

DISPOSITION

The judgment is affirmed.

Scotland, P. J., and Morrison, J., concurred.

Appellant's petition for review by the Supreme Court was denied August 8, 2001.