[No. C041080. Third Dist. Dec. 23, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
WILLIAM ALLEN BLACK, Defendant and Appellant.

[CERTIFIED FOR PARTIAL PUBLICATION*]

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of the Factual and Procedural Background and parts I through IV inclusive and part VI of the Discussion.

## Counsel

Susan D. Shors, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson and Jo Graves, Assistant Attorneys General, Stephen G. Herndon and Wanda Hill Rouzan, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**SIMS, J.**—A jury convicted defendant William Allen Black of second degree murder with the use of a deadly or dangerous weapon (count 1; Pen. Code, §§ 187, subd. (a), 12022, subd. (b)(1); undesignated section references are to the Penal Code) and conspiracy to obstruct justice (count 3; § 182, subd. (a)(5)).[1] Sentenced to state prison, he raises numerous contentions, including a claim that the trial court "Erred in Denying [his] Motion that the Prosecution not be referred to as 'The People.' "

In the published portion of the opinion, we conclude the prosecution was properly undertaken in the name of "The People of the State of California." In the unpublished portion of the opinion we find no prejudicial error. We shall therefore affirm the judgment. However, we shall remand the matter to the trial court to correct an error in the abstract of judgment.

### FACTUAL AND PROCEDURAL BACKGROUND*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### DISCUSSION

### I–IV*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### V

■ Defendant contends the trial court erred prejudicially by denying his pretrial motion to preclude the prosecution from being called, "The People" or "The People of the State of California." According to defendant, this appellation violates criminal defendants' state and federal constitutional rights to fair trial by jury and to due process. We conclude that this contention, although raised increasingly often, lacks merit. California statutes mandate that prosecutions be conducted in the name of "The People of the State of California," and defendant has failed to show that the applicable statutes are unconstitutional on their face or as applied here.

Section 684, originally enacted in 1872, provides: "A criminal action is prosecuted in the name of the people of the State of California, as a party,

---

[1] Count 2, charging conspiracy to commit murder (§ 182, subd. (a)(1)), was dismissed by the trial court on motion of the People.

*See footnote, *ante*, page 830.

against the person charged with the offense." Similarly, Government Code section 100, subdivision (b), provides: "The style of all process shall be 'The People of the State of California,' and all prosecutions shall be conducted in their name and by their authority."

■ Because statutory law mandates that prosecutions shall be conducted in the name of the "The People," defendant's challenge can succeed only if he can show that the statutes are unconstitutional on their face or as applied. In considering a facial constitutional challenge to a statute, a reviewing court must uphold the statute unless its unconstitutionality plainly and unmistakably appears; all presumptions favor its validity. (*Pryor v. Municipal Court* (1979) 25 Cal.3d 238, 253–255 [158 Cal.Rptr. 330, 599 P.2d 636].) The challenge can succeed only if the statute " 'inevitably pose[s] a *present* total and fatal conflict with applicable constitutional prohibitions.' [Citation.]" (*People v. Gallegos* (1997) 54 Cal.App.4th 252, 262 [62 Cal.Rptr.2d 666].)

Defendant asserts that calling the prosecution "The People" violates the federal and state constitutional guarantees of a fair trial by jury and due process of law. (U.S. Const., 5th, 6th, & 14th Amends.; Cal. Const., art. I, §§ 15 & 16.) However, he fails to cite any authority so holding. He merely notes that most other states style the prosecution, "The State" or "the Commonwealth" and that the federal district courts style the prosecution "The United States," then concludes: "Such consensus indicates California's practice violates due process." On the contrary, even if California's practice were unique, that fact would not tend to prove a constitutional violation. (See, e.g., *People v. Martinez* (1999) 71 Cal.App.4th 1502, 1515–1516 [84 Cal.Rptr.2d 638].)

■ The substantive aspect of the federal due process clause protects individuals from being deprived of fundamental liberty interests, no matter what process is provided, unless the infringement is narrowly tailored to a compelling state interest. (*Reno v. Flores* (1993) 507 U.S. 292, 301–302 [123 L.Ed.2d 1, 113 S.Ct. 1439].) Assuming without deciding that defendant is asserting an interest which is entitled to protection by *substantive* due process, defendant has shown no unfairness. The signatories to this opinion have collectively served many decades on the trial and appellate benches and have participated in the adjudication of hundreds upon hundreds of criminal cases. (See *People v. Bush* (2001) 88 Cal.App.4th 1048, 1053 [106 Cal.Rptr.2d 439].) We are not aware of a single instance in which the fact that a prosecution was brought in the name of "The People" has had any influence whatsoever on the decision of a jury with respect to a defendant's guilt or innocence. There is simply no unfairness. For that reason, defendant's facial challenge to this procedure, based on a lack of *procedural* due process fails as well. ■ Under the procedural aspect of the federal due process clause,

the states are generally free to regulate the procedures of their courts in accordance with their own concepts of policy and fairness, unless a state procedure violates some fundamental principle of justice. (*Patterson v. New York* (1977) 432 U.S. 197, 201–202 [53 L.Ed.2d 281, 97 S.Ct. 2319].) No fundamental principle of justice is violated here.

Defendant purports to rely not only on the federal constitutional right to due process but also on California's parallel constitutional right. (Cal. Const., art. I, §§ 15, 16.) There is no state constitutional infirmity in prosecuting criminal cases in the name of "The People of the State of California."

Finally, defendant makes no attempt to demonstrate by record citation how his own trial fell short of due process because the prosecution was called, "The People." Thus, assuming he intends an as-applied constitutional challenge to section 684 and Government Code section 100, subdivision (b), we reject it summarily.

### VI*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The judgment is affirmed. The matter is remanded to the trial court with directions to correct the abstract of judgment as indicated in part VI of the Discussion.

Scotland, P. J., and Davis, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 30, 2004. Kennard, J., was of the opinion that the petition should be granted.

---

*See footnote, *ante*, page 830.